Webster v. The People.

Kane county, WILSON, Judge, when at the May term, 1852, the cause was tried before a jury, and judgment rendered against the defendant below. The defendant below prosecuted his writ of error. The only question of importance involved in the case appears in the opinion of the court.

T. S. DICKEY and O. D. DAY, for plaintiff in error.

GLOVER and COOK, for defendants in error.

---

JOHN WEBSTER, Plaintiff in Error, v. THE PEOPLE, Defendants in Error.

ERROR TO CARROLL.

In an action to recover the penalty for hawking and peddling without license, either party is entitled to an appeal to the circuit court.

Such an action is not criminal, and proof that would convince the judgment, although a doubt might still remain on the minds of the jury, is all that is requisite, to authorize a verdict of guilty.

THE statement of the case is in the opinion of the court.

This cause was heard before WILKINSON, Judge, at October term, 1852, of the Carroll Circuit Court.

HIGGINS & 'STROTHER, for plaintiff in error.

THOMAS J. TURNER, for defendants in error.

CATON, J.   We entertain no doubt that the circuit court decided properly in entertaining the appeal in this case.   It is an action instituted by Tisdel in the name of the State of Illinois under the seventh section of the revenue law, (R. S. 437,) before a justice of the peace, to recover the penalty of one hundred dollars.   The venue was changed to another justice of the peace, who sustained a motion to dismiss the proceeding for informality, and entered a judgment for costs against the complainant, who appealed to the circuit court, where a motion was made to dismiss the appeal, which was overruled, when a trial was had, and a verdict and judgment rendered against the appellant. The first error relied upon, is the overruling of the motion to dismiss the appeal.

The section of the statute referred to, provides that persons wishing to hawk or peddle goods, &c., shall first obtain a license for that purpose, for which they are required to pay a certain sum into the State or county treasury; and proceeds : " Any person pursuing the occupation of a hawker or peddler within this State, or any of the counties thereof, without a license, shall forfeit and pay, one half for the use of the person complaining thereof, and the other half for the use of the State, the sum of one hundred dollars, to be recovered by action of debt in the name of the State of Illinois, before any justice of the peace, or probate justice of the peace, subject to appeal to the circuit court as in other cases."   Here is an express provision of the statute, which declares the penalty, and authorizes the action to be brought, that it shall be subject to appeal the same as other suits before justices of the peace in which appeals are allowed.   This right is not limited to one party, but is common to both.   It is subject to appeal as in other cases, and in all other cases where one party may appeal, the other may.   Even in cases of assault and battery where the complainant has no pecuniary interest, and where no judgment for costs is rendered against him, he is still .allowed to appeal to the circuit court,, and compel the defendant again to answer there for the same offence for which he was tried in the justice's court.   How much more so, then, in this case, which is not a criminal proceeding either in form or substance, and where a judgment had been

actually rendered against the party claiming the right to appeal. But it is hardly necessary for us to discuss the reasonableness of the statute allowing the appeal, when it is enough for us to know that it is clearly so written.

The only remaining question made upon the argument arises out of the refusal of the court to instruct the jury, that " if the jury entertain a reasonable doubt of the guilt of the defendant Webster, then they ought to find a verdict of not guilty." As before remarked, this is not a criminal action either in form or substance. It is not found in the criminal code, but is given by the revenue law, and is for the protection of the revenue. It is not an offence at the common law, nor is it indictable under the statute. In form it is an action of debt, and not a criminal prosecution. It is not even required to be instituted or carried on in the name of the people of the State of Illinois, as all criminal prosecutions must be, but simply in the name of the State of Illinois, and the statute might with equal propriety have required the prosecution to have been conducted in the name of the complainant. The violation of the statute, for which the action is given, is not even made a misdemeanor. No fine is inflicted, but simply a penalty is imposed. It is true the right of action does not arise out of a contract, and the penalty may be in the nature of a punishment, but that may be the case in many civil actions, as in trespass or slander. Punishments are not alone confined to crimes in the technical sense of the term.

This is not as strong a case as that of Ward *v.* The People, 13 Ill. R. 636, as approximating a criminal proceeding. There, although the offence was not punishable at common law, yet it was more expressly indictable by statute, and a specific fine was imposed upon the guilty party, which fine might be recovered either by indictment or by action of debt. The statute there had made the offence a misdemeanor, and hence, although the fine might be recovered in a civil form of action, as well as by indictment, yet the offence was criminal in its nature, and a special jurisdiction was conferred upon justices to inflict the punishment. And no provision was made for an appeal, and this court held, that for the want of such a provision, an appeal did not lie. That case does not show, nor does it tend to show, that all actions of debt to enforce a statute penalty, or that *qui tam* actions, are necessarily criminal prosecutions, and that full or plenary proof shall be made which leaves no reasonable doubt upon the mind of the jury, before they are authorized to render a verdict against the defendant. Proof convincing the judgment, although a doubt might still remain, in our opinion,

was all that was required to authorize the jury to render the verdict which they did. We think the court did not err in refusing to give the instruction asked, and the judgment must be affirmed.

*Judgment affirmed.*