# THE TOWN OF LEWISTON, Plaintiff in Error, *v.* WILLIAM PROCTOR, Defendant in Error.

## ERROR TO FULTON.

In an action to recover a penalty for obstructing a village street, after the ordinance establishing the offense and the penalty has been given in evidence without objection, evidence of a private act of the legislature legalizing the ordinances, was properly excluded from the jury. The statute might have been proper preliminary evidence, but after the introduction of the ordinances, it became irrelevant.

The plea of *nul tiel corporation*, is a plea in bar.

In actions before, and upon appeals from, justices of the peace, the defendant has a right to insist upon proof of every material fact necessary to a recovery, just as if all the requisite pleas had been filed. And the plaintiff, if a corporation, must prove its corporate existence.

A continuous and uninterrupted use of a highway by the public, for more than twenty years, creates a prescriptive right to the use of the road. And this right continues, until it is clearly and unmistakably abandoned.

A partial or transient non-user of a highway, by reason of the travel being diverted to other roads, is not sufficient to establish its abandonment.

The fact, that a village road has not been repaired by the corporate authorities, may be evidence tending to show that the corporation does not regard it as a highway. This will not be the case, however, if it appears, that, from the nature of the ground, the road has needed no repairs.

In an action, to recover a penalty, for obstructing a highway, if the complaint gives a local description, sufficient to fix the precise point obstructed, and also the *termini* of the road, the latter may be disregarded. But when the allegation is general, that a road leading from one point to another has been obstructed, the existence of the road, between the points named, must be proved, as a matter of essential description.

In prosecutions for obstructing highways, the rule is, that every averment must be established, by a clear preponderance of evidence. And it is error to instruct the jury that they must be satisfied of the defendant's guilt, beyond a reasonable doubt, before they could find against him. This latter rule obtains only in criminal prosecutions, affecting life or liberty.

THIS was an action commenced by complaint, before the police justice of the town of Lewiston, Fulton county, Illinois, for the violation of an ordinance, by placing and continuing obstructions, in one of the streets of said town.

The police justice rendered judgment against the defendant, Proctor, from which he appealed to the Circuit Court of Fulton county. From which court (the judge thereof having been of counsel in the cause), a change of venue was ordered, to Mason county.

At the October term, 1861, of the Mason Circuit Court, a trial was had before the court, HARRIOTT, Judge, and a jury. The defendant was found not guilty, and judgment was rendered against the plaintiff for costs.

On the trial, the plaintiff gave in evidence the charter of

the town of Lewiston (Session Laws of 1857, p. 1038,) and proved the acceptance of and organization under the charter. The plaintiff then read, without objection, the ordinances of the town, defining the offense and fixing the penalty.

Plaintiff then offered in evidence an amendment to the charter (Session Laws of 1859, p. 635–6,) to which the defendant objected. The court sustained the objection as to section five, of the act, but permitted the remainder to be read.

Plaintiff then introduced a number of witnesses, who testified, as to the location of the road, and as to its being used as a public highway for many years.

The plaintiff then gave in evidence the record of the proceedings of the County Commissioners' Court of Fulton county, showing an order by the court, in pursuance of a petition duly presented to it, appointing commissioners to lay out a road, from Lewiston to the ford of Spoon river.

Also, a report of the commissioners that they had laid out the road.

Also, an order of the said County Commissioners' Court, that the said road be opened and declared a public highway.

Also, further, from the records of the County Commissioners' Court, showing an order of the said court, in pursuance of a petition duly presented, appointing commissioners to relocate the said road. And the report of the commissioners that they had reviewed and relocated the road. And an order of the court declaring the road as relocated, a public highway. The plaintiff then introduced a witness who testified that the said road, as relocated, passed over the point in controversy.

The defendant offered in evidence, the records of the County Commissioners' Court, showing the location of another road, which it was claimed had superseded the road alleged to have been obstructed. He then introduced a large number of witnesses, whose testimony tended to show that the travel on the old road had greatly diminished, and that it had been abandoned by the public, since the location of the new road. There were thirty-one instructions asked for by the plaintiff, and twenty-eight by the defendant, but the only questions arising upon them are stated in the opinion of the court.

See this case reported in 23 Ill. 533, and in 25 Ill. 153.

S. C. JUDD, for Plaintiff in Error.

N. BUSHNELL, for Defendant in Error.

WALKER, J. It is urged as grounds of reversal, that the

court below rejected evidence, proper and pertinent to the issue. The plaintiff in error offered to read in evidence, the fifth section of the act of the 21st of February, 1859, which the court rejected, and exceptions were noted. To this decision we are unable to perceive any objection as its relevancy is not apparent. The ordinances creating the offense had been read to the jury without objection. Had an objection been interposed to the validity of these ordinances, then this section of the statute would have been proper preliminary evidence, to authorize their admission. But they having been admitted without objection, defendant could not afterwards question their validity. If the offense was committed after the adoption of this act, then this act established the validity of the ordinances which defined the offense, and imposed the penalty. But if it occurred before that time, then whether it was, when committed, innocent or penal, depended alone on the validity of the ordinances, independent of this enactment, as it could not have been the object, and no language is employed which indicates a design, to give this section a retrospective operation. It was only designed to cure any defects that might then exist, and to render them valid in the future.

It is again urged, that the court erred in admitting evidence, that the plaintiff had been acting as, and exercising the rights and privileges of a municipal corporation. This evidence was proper, if the plea of *nul tiel corporation* is in bar of the action, but it was not, if it is a plea in abatement. All matter of the latter character, must be interposed before a plea in bar, or it will be regarded as waived. It is said by Sergeant Williams in his notes to Saunders' Reports, (vol. 1, p. 340 *a*, n. 2), that " the defendant can only plead *nul tiel corporation* in bar of the action, by a corporation." And it is believed that this rule has since been followed by the courts, both in Great Britain and in this country. When this plea is interposed, it operates as a special traverse of the averment, that the plaintiff is a corporation, and puts it upon proof of that fact. As in trials before justices of the peace, and in the Circuit Court, on appeals from their judgments, formal written pleadings are not required, and the defendant has a right to insist upon proof of all the material facts necessary to a recovery, precisely as if pleas were filed. It was necessary that the plaintiff should have proved its corporate existence. This evidence was therefore material, and should have been admitted.

It is also urged, that the court below erred in refusing to grant a new trial. First, because the jury found against the evidence; and secondly, because the court refused to give

plaintiff's instructions as asked for, and in modifying them, and in giving improper instructions for the defendant. Other errors were assigned, but they are embraced in these, and will not, therefore, be separately discussed.

Is the finding of the jury in this case, manifestly against the weight of evidence? We think it is. Three witnesses on behalf of plaintiff, testified, that they had known the road in controversy, since 1837, and that it had during that time, been traveled as a public highway. Four others swear that they had known it to be thus used since 1838. Another since 1840, one since 1841, one since 1842, two since 1844, and one since 1857. Of the witnesses produced by defendant, one testified, that he had known the road since 1828, and that it had been used and traveled by the public since that time. Another had known it since 1831, to be thus used, and another after 1843. These witnesses all speak of what they know, were all citizens of the immediate vicinity, with every opportunity of being well informed, traveling it themselves, and seeing others do so, during the time of which they speak. Opposed to this affirmative evidence, a large number of witnesses state that the greater portion of the travel had abandoned this, and sought other routes; or say that they supposed the road had been abandoned as a public highway. We think the evidence most clearly rebuts all presumption, that the road had ever been abandoned as a public highway.

The question then arises, whether this road had a legal existence at the time it was obstructed by defendant. The evidence of user clearly shows that it had, by prescription. No less than nine witnesses testified to the use of the road by the public, for a period of over twenty years. And from their evidence, it appears to have been continuous and uninterrupted during all that time. It is true that there was a great difference in the number who traveled it at different periods, still it was used and enjoyed by the public for the purpose of travel. This period, wherever the common law obtains, has always created a prescriptive right, as well in the public, as in private individuals. Such a right once obtained is valid, and may be enjoyed by the public to the same extent as if a grant existed, it being the legal intendment that its use was originally founded upon such a right. This right of user also continues until it is clearly and unmistakably abandoned. And in this case no such abandonment has been shown.

Again, the order of the Commissioners' Court of Fulton county, in December, 1830, by which commissioners to view and locate the road named in the order, were appointed, appears to be regular and valid. Nor is any objection perceived

to their report, or the order confirming it, and establishing the road, and ordering it to be opened. The commissioners report, that they had made the location, "commencing at the south end of Main street, in Lewiston, thence a little south of west, to the first branch west of Lewiston," etc. The evidence shows that the road obstructed, commenced at the south end of Main street, and runs with the south line of the town, the direction of which is a little south of west. This would seem to identify this as the road which was obstructed.

The same court again, in 1845, appointed viewers to survey and relocate a road from Lewiston to Spoon river. The road was relocated, the report filed and approved, the road established and ordered to be opened forty feet in width. Stewart, who was one of the viewers, testified that they located the road from the mouth of Mechanic street, running west, or westerly, fifty-four rods, to the north-west corner of defendant's field, and over the exact point in controversy, and thence ran a south-westerly direction to the old Spoon river bridge. No objection is perceived to these orders locating these roads. The Commissioners' Court must be presumed to have had jurisdiction, until it is rebutted, and no such effort was made on the trial below.

It was attempted to be shown, that the public had acquired another and different road, which accommodated the same travel, and that this had been abandoned. In this, we think the defendant has entirely failed, as the evidence abundantly shows that this road was continuously used, up to the time of the obstruction. When an abandonment is relied upon, it must be clearly and satisfactorily proven, and that all use of it as a public road has ceased for a sufficient length of time clearly to indicate the intention. A transient or partial non-user will not suffice. In a town like this, the mere fact that there were some streets more used than others, is no evidence of abandonment. In all villages the streets are sufficiently numerous for the public to be accommodated in their travel by different routes, yet that cannot be regarded as an evidence that those but little used have ceased to exist.

It is insisted, that as this road, at the point of obstruction, had not been repaired by the corporate authorities, it was not regarded by them as a public highway. But all of the evidence to that point, shows, that from the nature of the ground, it was never required. This being true, the law will not require a useless act. Had it been necessary, and it had never been repaired, that fact, with others, would have been proper for the consideration of the jury, in determining whether it was regarded, by those having charge of the highways, as a

public road. Of itself, that fact is not sufficient to vacate a legally acquired public highway. On a question of dedication or prescription, it might be important, but not in a case of grant or condemnation under the statute.

It is again urged, that the proof fails to establish an obstruction of the road, described in the plaint. In the case of *Dimond* v. *The People*, 17 Ill. 416, it was held, that the name of the road was no essential part of the description, of either the road, or the place of obstruction. And even if it was, proof that it led from one of the points named to the other, would suffice. When, however, a local description, sufficient to identify and fix the precise point of obstruction, is given, as well as the *termini*, the latter may be disregarded, and proof that a road existed at the place of obstruction, is alone necessary. But when the allegation is general, that a road leading from one place to another has been obstructed, its existence between the points named must be proved, as a matter of essential description. In this case, the plaint does not fix the precise point of obstruction by reference to lots or blocks, or by courses and distances from other known objects. It only describes it, as a " certain street of the town of Lewiston, county of Fulton and State of Illinois, the said street being the road and street, sixth in number, south from the court-house in said town, and running west from Main street in said town." The second specification, in the plaint, describes it, as being " known as the street running west, or westerly from Main street, in said town, and sixth in number south from the court-house in said town."

To maintain this action, it was necessary that the plaintiff should have proved the existence of a road running west, or in a westerly direction from Main street, or a street of the town as described. That the road which was obstructed, was proved to run from Main street nearly west, is without question. If it ran a due west course, it fills the first description, or if it deviates slightly from such a line, then it answers the second description in the plaint. We can perceive no material variance between the plaint and the proof.

It is also insisted, that the court below erred, in modifying a large number of the plaintiff's instructions, before they were given to the jury. The modification complained of, was by informing the jury that they must be satisfied, that the defendant was guilty, beyond a reasonable doubt, before they could find for the plaintiff. This is undeniably true, in all criminal prosecutions. And in the case of *Ferris* v. *Wood*, 4 Gilm. 499, it is intimated, that the same rule obtains, in prosecutions for obstructing public highways. This rule can

hardly be said to be sanctioned by the authorities. The rule announced by the ancient writers and decisions, is that there must be full proof, in all cases of prosecution to recover a penalty. In such cases the declaration must contain an averment of every fact, necessary to show the prosecutor entitled to recover, and every averment must be established by a clear preponderance of evidence. *Fairbanks* v. *The Town of Antim*, 2 N. H. 105. This seems to be the full scope of the rule, nor are we inclined to change it. When the judgment necessarily involves the life or liberty of the citizen, the benign rule, that the crime must be proved beyond a reasonable doubt, should prevail unimpaired, and the same doctrine is too firmly established to be shaken, by authority, if not on principle, in all proceedings by indictment. But when only a pecuniary forfeiture is involved, and the proceeding is on the civil side of the docket, the same reasons do not apply.

It is said, however, that the party may be imprisoned for such a forfeiture. So he may be taken in execution, on a judgment recovered in any form of action, in default of its payment. Imprisonment is no part of the judgment on such a forfeiture. Nor can a justice of the peace, under our constitution, imprison a defendant, as a part of his judgment in this proceeding. If the corporation has the power to take the body of a defendant, on a *ca. sa.*, it is no more than may be done in any other civil action. Again, it was held, when this case was previously before this court, (23 Ill. 433,) that town ordinances were not strictly penal statutes, within the meaning of the cost act.

It is likewise insisted, that the court below erred in giving the first and eighth of defendant's instructions. The first informs the jury, that unless the plaintiff has proved a legal highway the whole distance, from the south end of Main street to the north-west corner of defendant's field, that they should find for the defendant. The eighth is the same, except it fixes the western terminus at the western limit of the town, instead of at the corner of defendant's field. In describing the road, in the plaint, the corner of the field, or the western limit of the town, are not referred to as a part of the description. It is only described as running west, or westerly, from the starting point. Under the rules of evidence, the plaintiff was only required to prove a road as described in his plaint, and its obstruction as alleged. These instructions required more, and were, for that reason, erroneous, and should have been refused. Whilst the first of these instructions may not have been calculated to mislead the jury, the other evidently was, and if followed by them, accounts for this verdict.

There was no proof, nor any effort to prove, that this street ran to the western limit of the town, and such proof was not required under the issue, yet the jury were told that, for want of such proof, they must find against the plaintiff.

For these various reasons, we are of the opinion, that the judgment of the court below is erroneous, and it is reversed, and the cause is remanded.

*Judgment reversed.*