## TOWN OF HAVANA

*v.*

## GEORGE A. BIGGS.

| 58 | 483 |
| 27a | 568 |
| 58 | 483 |
| 35a | 64 |

1. DEGREE OF EVIDENCE—*in prosecution for obstructing highway.* In an action to recover a penalty for an alleged obstruction of a public highway, in order to make out the plaintiff's case, it is only necessary the defendant's guilt should be established by a clear preponderance of the evidence. The action is a civil proceeding, and the rule governing criminal cases does not apply.

2. INSTRUCTION—*as to whether an action is a favorite of the law.* It is error to instruct the jury that such action is not favored by the law.

3. JURY *must decide the weight of evidence* In such an action, it was *held* erroneous to instruct the jury, that the fact of the public traveling through a lane left by the owner of the land, did not amount to proof of dedication. It was for the jury to say how much that fact amounted to in the way of proof.

4. DEDICATION—*in what mode established.* And an instruction directing the jury that the plaintiff was not bound to rely on the record alone to establish the existence of the road, but that he might rely on any facts which may constitute a road, that the road might exist part by record and part by dedication, and that if the owner of the land, through which the road run at the point of alleged obstruction, dedicated a portion of the road in question in exchange for a portion of a way laid out, the portion so dedicated would be a valid road, was regarded as improperly refused.

5. To establish a highway by dedication, it is not necessary that an intention on the part of the owner of the land to dedicate the same at the time the public commenced using it, should be shown. Such intention may as well have been formed and entertained subsequently.

Appeal from the Circuit Court of Mason county; the Hon. Charles Turner, Judge, presiding.

Messrs. Lacey & Wallace, Mr. Luther Dearborn, and Mr. Hugh Fullerton, for the appellant.

Mr. C. A. Roberts, Mr. N. W. Green, and Mr. S. C. Conwell, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action to recover a penalty for an alleged obstruction of a public highway in the town of Havana.

Verdict and judgment for the defendant.

On the trial in the Circuit Court, the following instructions were given for the defendant, viz:

*First,* "The jury are instructed, that in this case, before they can find for the plaintiff, the plaintiff must have made full and satisfactory proof that the road mentioned in the proof, was, at the time complained of, at the point of an alleged obstruction, a public highway, and that the defendant unlawfully obstructed the same as alleged."

*Second,* "The jury are instructed, that in this case the plaintiff is seeking to enforce a penalty, and is held to strict and full proof of every material matter necessary to make out his case."

*Third,* "That penal actions like the one at bar, are not favored in law, and unless plaintiff has shown, by a clear preponderance of evidence, that he is entitled to recover, the jury must find for the defendant."

*Sixth,* "That by dedication, is meant a giving and granting of a right or privilege to the public, and before the jury can find there is a road at the point in controversy, by dedication, they must be satisfied clearly, from the evidence, that at the time the public commenced traveling at that point, the owner of the land intended to give and grant to the public the right of way over said land as a public road."

*Seventh,* "That although the jury may believe from the evidence, that Alfred Biggs left a lane at the point in controversy, which was traveled by the public, yet the fact would not amount to a dedication unless the evidence is clear and satisfactory that he, being the owner of the lane, intended to dedicate such lane to the public as a public highway."

*Eighth,* "The fact that the public may have traveled through a lane left by the owner of the land, does not amount to proof of dedication, but it must clearly appear the owner intended, in fact, to give it to the public as a public highway."

*Ninth,* "The jury are instructed, that while a road may be established by record, by prescription and by dedication, yet they can not be joined for the purpose of making out a road, and the jury must find there was a legally established road at the point where the obstruction was placed, (if they believe it was obstructed,) either by the record, or else by twenty years uninterrupted use by the public at the point of obstruction, or else that the road, at that point, was voluntarily given by the owner of the land to the public for the purpose of a highway, he intended to vest, absolutely, a title in the public for that purpose."

The following was an instruction asked for by the plaintiff, and refused:

" The jury are instructed, that the plaintiff is not bound to rely on the record alone for their road, but they may rely on any facts that may constitute a road, and the road may exist part by record, and part exist by dedication; and if Alfred Biggs, while he was the owner of the land through which the road run at the point of alleged obstruction, dedicated a portion of the road in question in exchange for a portion of the laid out road, of any way laid out, then the portion so dedicated will be a valid road."

It may be said, generally, of those of the defendant's instructions which relate to the measure of proof, that they are wrong.

Evidence which satisfies the minds of the jury of the truth of the fact in dispute, to the entire exclusion of every reasonable doubt, is understood as that which constitutes full proof of the fact.

That is the quantity of evidence required for a conviction in a criminal case, but in a civil case, like the present, the jury may find their verdict for the plaintiff upon the preponderance of evidence, although it be not free from reasonable doubt. *Town of Lewiston* v. *Proctor*, 27 Ill. 414. And so far as the instructions required more than a clear preponderance of evidence as necessary to establish the plaintiff's case, which they seem to have done, they are erroneous.

This action is not odious to the law. Highways are a public necessity. It is of high public concern they should be preserved safe and convenient for travel. The law, by express enactment, makes the obstructing of them an offense, punishable by a penalty, and it gives the action for its recovery. To say, as in the third instruction, that the action is not favored in law, seems to be a solecism. There is no legal warrant for such declaration. That instruction was calculated to prejudice the plaintiff's case in the minds of the jury, and should not have been given.

The sixth instruction was wrong, in confining the intention to dedicate, to the time the public commenced traveling over the land ; it might have as well been formed and entertained at any time afterwards.

The eighth instruction was wrong, in saying, that the fact of the public traveling through a lane, left by the owner of the land, did not amount to proof of dedication ; it should have been left to the jury to judge and say how much it amounted to, in the way of proof.

We perceive no reason why the plaintiff's above refused instruction should not have been given, and the converse of it, the defendant's ninth instruction, should have been refused.

For error in giving the above instructions for the defendant, and refusing the one for the plaintiff, the judgment must be reversed and the cause remanded. *Judgment reversed.*