CITY OF CHICAGO

v.

JOHN W. ENRIGHT ET AL.

*Licenses—Spirituous Liquors—Action by Municipal Corporation—Remedies—Statutory Limitations—Practice.*

1. Where one engaged in the sale of spirituous liquors fails to take out the required license, he does not become indebted to the city for the amount of the license fee.

2. The limitation provided in ¶ 375, Criminal Code, applies only to criminal prosecutions by indictment or otherwise. It has no application to a proceeding to collect a penalty.

3. Where a penalty is imposed without direction as to the mode of procedure for its recovery, an action of debt is a proper remedy.

4. An action of debt for a penalty for the violation of a municipal ordinance is purely a civil action, and may be brought within two years after the right accrues.

5. In such an action, although the record contains an agreed statement of facts, this court is without jurisdiction to fix the amount of the judgment.

[Opinion filed December 18, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Appellant brought its action in the Circuit Court against appellee and filed its declaration as follows, viz.:

"FIRST COUNT—And the said plaintiff, by H. Washburn, its attorney, comes and complains of John W. Enright and Edward F. Kelly, defendants, in its action of debt.

"For that whereas the plaintiff is a municipal corporation of the State of Illinois, organized under an act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872.

"That the city council of the city of Chicago did on the 1st day of July, 1885, pass a certain ordinance in words and figures as follows, viz.:

"'Be it ordained by the city council of the city of Chicago:

"'SECTION 1. No person, firm or corporation shall sell or offer for sale any spirituous or vinous liquors in quantities of one gallon or more at a time, within the city of Chicago without first having obtained a license therefor from the city of Chicago, under a penalty of not less than fifty and not more than two hundred dollars for each offense. But no distiller who has taken out a license as such and who sells only distilled spirits of his own production at the place of manufacture

shall be required to pay the license herein prescribed on account of such sales.

" ' SEC. 2. All such licenses shall be issued in accordance with the general ordinances of the city concerning licenses, and for every such license there will be charged at the rate of two hundred and fifty dollars per annum.'

" Which said ordinance was approved by the mayor of said city of Chicago, and was in full force and effect on the 1st day of July A. D. 1885.

" That said defendants are co-partners, doing business as Enright & Kelly, and are now and have been ever since July 1, 1885, engaged in business within said city of Chicago, selling and offering for sale spirituous and vinous liquors in quantities of one gallon or more at a time without having or having had any license therefor from said city of Chicago.

" By reason whereof, and by force of the ordinance aforesaid, there became due and is still owing to said plaintiff by said defendants, the sum of four hundred and forty-seven and ninety-one one-hundredths dollars ($447.91), being the amount of the license fees from July 1, 1885, to May 1, 1887.

" Yet the said defendants, though often requested, did not and have not paid the plaintiff the said sum of money aforesaid, or any part thereof, but refuse so to do, to the damage of the plaintiff in the sum of one thousand dollars, wherefore it brings its suit, etc.

" And for that whereas the defendants have been since July 1, 1885, and up to April 30, 1886, selling and offering for sale within said city of Chicago spirituous and vinous liquors in quantities of one gallon or more at a time, without having had any license therefor from said city of Chicago, in violation of the said ordinance entitled, 'An act concerning the licensing of wholesale liquor dealers,' which said ordinance is set out in the first count of this declaration, whereby by force of said ordinance, an action has accrued to the plaintiff to demand of the said defendants the sum of two hundred dollars as a penalty for such unlawful sales and offers to sell by the said defendants.

" Yet the defendants, though requested, have not paid to

the plaintiff the last mentioned sum of money, or any part thereof, but refuse so to do, to the further damage of the plaintiff of one thousand dollars, and therefore it brings its suit," etc.

Appellee appeared and filed a demurrer to the first count in the declaration, and a plea of the statute of limitations of one year and six months to the second count. To this plea appellant demurred, and the matter was heard upon the said appellee's demurrer to the first count, and on appellant's demurrer to said plea, and appellee's demurrer was sustained and appellant's demurrer was overruled, and there was judgment for appellee.

It was stipulated between the parties that the following ordinance was passed by the city council July 1, 1885, and was in force since its passage and at the time of the trial:

" SECTION 1. No person, firm or corporation shall sell or offer for sale any spirituous or vinous liquors in quantities of one gallon or more at a time within the city of Chicago, without first having obtained a license therefor from the city of Chicago, under a penalty of not less than fifty nor more than two hundred dollars for each offense.

" But no distiller who has taken out a license as such, and who sells only distilled spirits of his own production at the place of manufacture, shall be required to pay the license herein prescribed, on the account of such sales.

" SEC. 2. All such licenses shall be issued in accordance with the general ordinances of the city concerning licenses, and for every such license there shall be charged at the rate of two hundred and fifty dollars per annum."

That the general ordinances referred to in the above ordinances are as follows:

" 1565. All licenses shall be granted by the mayor from time to time, to such persons as he may deem proper residents of the city of Chicago.

" 1566. Each and every license authorized and required by this ordinance and granted by the mayor, shall be issued by the city clerk, on notice to him from the city collector that the license fee or tax has been paid and not otherwise.

City of Chicago v. Enright.

"1567.    All licenses shall be subject to the ordinances and regulations which may be in force at the time of issuing thereof, or which may subsequently be made by the city council, and if any person so licensed shall violate any of the provisions thereof, he shall be liable to be proceeded against for any fine or penalty imposed thereby, and his license may be revoked in the discretion of the mayor.

"1568.    No license granted under this ordinance shall be assignable or transferable without permission of the mayor, nor shall any such license authorize any person to do business or act under it but the person named therein, except as is in this ordinance otherwise provided.

"1569.    No license shall be granted for a longer period than one year, and every license except saloon licenses shall expire on the last day of April next following.    Every license shall be signed by the mayor and countersigned by the clerk under the corporate seal.

"1570.    In all cases where it is not otherwise expressly provided, the mayor shall have power to hear and grant application for licenses upon the terms specified by this ordinance, and all licenses shall be issued to such person or persons as shall comply in all respects with the provisions of this ordinance, and as the mayor in his discretion shall deem suitable and proper persons to be licensed.

"1571.    The city collector shall receipt for all moneys for any licenses that may be granted under the authority of said city upon any account whatever; his receipt shall be a dis. charge to the person to whom given, to the extent and purport thereof, but no person shall be deemed to be licensed in any case until the issuing of the license in due form as herein required.

"1572.    Whenever it shall appear from the license register kept by the clerk or the books of the collector, that any person holding any license or permit of any kind or privilege granted by the city, has failed to pay the amount due thereon, or other kind of penalty, license, fine, debt, or liability whatever, the clerk or collector, as the case may be, shall report the fact to the mayor, whose duty it shall be promptly to revoke said license, permit or privileges.

"1573. Any person or persons to whom any license may have been issued under any ordinance of the city council, may, with the permission of the mayor, assign and transfer the same to any person or persons, and the person or persons to whom such license is assigned, or the assignee or assignees of such license, may, with the permission of the mayor, surrender such license and have a new license issued for the unexpired term of the old license, authorizing the person or persons so surrendering such license to carry on the same business or occupation at such place as may be named in such new license; provided, that in all cases the party applying for such new license shall give a bond with sureties which shall conform as near as may be to the bond to which such surrendered license was issued.

"1574. When any saloon license is issued after the first day of July, or other license is issued after the first day of May in any year, the same shall be issued to the person applying therefor upon his paying therefor the number of twelfth parts of the sum fixed for a yearly license equal to the number of months which will elapse between the date of the application for the license and the day when, under this article, said license is made to expire; provided, however, that in determining the price to be paid, the month in which the application is made shall be counted and included in the number of months to elapse, and provided further, that no person shall be entitled to the benefit of this section who shall be engaged in the business for which he applies for a license, at the time of his application."

It was also agreed by said parties, that said John W. Enright and Edward F. Kelley were doing business under the firm name of Enright & Kelley on the first day of July, 1885, as wholesale liquor dealers, within the said city of Chicago, and have continued as such up to the present time, and that, on said July 1, 1885, and ever since said time, said Enright and Kelley have sold, within the city of Chicago aforesaid, spirituous and vinous liquors in quantities of one gallon or more at a time without any license so to do from the city of Chicago, and that said Enright and Kelley have never ap-

plied for, nor have asked of the city of Chicago any license for said period from July 1, 1885, to May 1, 1887, under the provisions of this ordinance, but on the contrary have refused so to do, notwithstanding that the city collector has made frequent and repeated demands upon them for said license fees for each of said years.

Messrs. Hempstead Washburne, Clarence A. Knight and John W. Green, for appellant.

The Supreme Court, in Dennehy v. City, 120 Ill. 627, settled the question as to the validity of the ordinance in question. Now, by this ordinance, a duty was imposed upon defendants to pay the amount of license fee fixed by this ordinance. The city has the undoubted right to prohibit altogether, or to classify liquor dealers as decided by the court in the Dennehy case. The power given the city is, "To license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquors, the license not to extend beyond the municipal year in which it shall be granted, and to determine the amount to be paid for such license." The city having the right to prohibit or grant licenses, determines that it will grant, and in so doing determines the amount to be paid for such license. In this case it has said that the amount to be paid by every person selling as a wholesale dealer shall be $250 per annum. When it so determined, it fixed the amount which every person engaging in that business should be liable to pay for that privilege or right.

In the case of East St. Louis v. Trustees of Schools, 102 Ill. 491, the court say: "Where a municipal corporation has power to prohibit the doing of a thing, and also the power to license the same thing to be done, the license fee demanded by ordinance for the doing of such thing is not a tax, but is a price paid for the privilege of doing such thing; and so it was held in People v. Thurber, 13 Ill. 554; Ins. Co. v. Peoria, 29 Ill. 180; East St. Louis v. Wehrung, 46 Ill. 392; Ducat v Chicago, 48 Ill. 172; Walker v. Springfield, 94 Ill. 372. In People v. Thurber it is said of a like exaction, this is not a

tax * * * but is a burden * * * for the right of exercising a * * * privilege which the legislature would have the right to withhold or inhibit altogether."

So the city in this case fixed the price to be paid for the privilege of doing business as a wholesale dealer. The amount of license fee required in this case is from the persons and not from the property.

It would seem from the cases cited that the ordinance in question imposes on appellees a duty to pay the amount of the license fee fixed, and having created the duty to pay under the law, then necessarily a right of action accrued to the city, and the law implies a promise to pay on the part of appellees.

In County Comm'rs v. Duchett, 20 Md. 468, the court say: "When a duty is imposed by law and no remedy prescribed, a right of action accrues as at common law, otherwise there would be a right without a remedy."

In Fuller v. Curtis, 2 Black, 461, the court say: "Where the case shows that it is the duty of the defendant to pay, the law implies to him a promise to fulfill that obligation."

In Earle v. Coburn, 130 Mass. 596, it is said: "There may be cases where the law will imply a promise to pay by a party who protests he will not pay, but those are cases in which the law creates a duty to perform that for which it implies a promise to pay, notwithstanding the party owing the duty absolutely refuses to enter into an obligation to perform it. The law promises in his stead and in his behalf."

In San Louis v. Hendricks, 71 Cal. 242, suit was to recover $150, the amount of a license for selling liquors, and for damages and costs of suit; the court says: "The license tax sought to be recovered in this action is not a penalty, but in the nature of a debt due from the defendant to the county, or, what is the same thing for present purposes, a duty devolved upon the defendant personally, which can be enforced precisely as though he had contracted with the county to pay such sum of money. People v. Seymour, 16 Cal. 332; Perry v. Washburn, 20 Cal. 351; Guy v. Washburn, 23 Cal. 116; City of Oakland v. Whipple, 39 Cal. 115."

The theory of all cases that may be found denying the right

City of Chicago v. Enright.

to bring an action for the recovery of the license fee is that when a penalty is fixed for the non-payment of the tax or license that penalty must be pursued. But our Supreme Court have long since denied this doctrine, and say that in case of a tax that it may be sued for in an action of debt, and the remedy by distress is merely cumulative. Ryan v. Gallatin County, 14 Ill. 78; Dunlap v. Gallatin County, 15 Ill. 7; People v. Stahl, 101 Ill. 346; Geneva v. Cole, 61 Ill. 397; Binkert v. Wabash Ry. Co., 98 Ill. 214.

No counsel appeared for the appellees.

Moran, J. The first count of the declaration proceeds upon the assumption that appellees, having sold spirituous liquors in quantities of one gallon or more without having obtained the license required by the ordinance, became indebted to the city for the amount of the license fee. The consideration for a license is sought to be recovered while it appears from the allegations of said count that no license had in fact been taken out.

The count was clearly bad, and the demurrer to it was properly sustained.

"A person carrying on a business for which a license is required, can not be compelled to take out a license. If he neglect or refuse to do so, he may be subject to a criminal prosecution, or he may be held to have agreed to pay a specific penalty instead of the amount of the license tax; but he certainly owes nothing for a license until he has taken out a license." Santa Cruz v. Santa Cruz R. R. Co., 56 Cal. 143.

The action of the court in overruling the demurrer to appellees' plea presents a different question. The second count is for a penalty for violating the ordinance in the manner stated in the count. The plea is of the statute of limitations found in the Criminal Code, Sec. 375, which is as follows:

"All prosecutions, by indictment or otherwise, for misdemeanors or for any fine or forfeiture under a penal statute, shall be commenced within one year and six months from the time of committing the offense or incurring the fine or forfeiture, except as otherwise provided by law."

The proceeding set out in said second count is not a prosecution by indictment or otherwise. The well understood legal signification of the word prosecution is a criminal proceeding, and as such it must in this State be in the name of the people. The limitation in the section above quoted applies to such criminal prosecutions by indictment or otherwise (as by information, when authorized) for any fine or forfeiture under a penal statute. It can have no application to a proceeding to collect a penalty which is not in any sense a criminal prosecution. The ordinance does not inflict a fine for its violation, but in terms imposes a penalty. Where penalties are imposed and no direction is given as to the mode of procedure for their recovery, an action of debt is a proper remedy. Webster v. The People, 14 Ill. 365; Vaughn v. Thompson, 15 Ill. 39; Town of Jacksonville v. Block, 36 Ill. 507.

An action of debt for a penalty for the violation of a municipal ordinance is purely a civil action. Town of Lewiston v. Proctor, 27 Ill. 414; Town of Havana v. Biggs, 58 Ill. 483; Webster v. The People, *supra;* Town of Partridge v. Snyder, 78 Ill. 519.

The second count is, then, an action of debt for a statutory penalty, and not a prosecution for a fine or forfeiture under a penal statute. It is, therefore, not governed by the limitation of eighteen months, fixed by Sec. 375 of the Criminal Code, but by Sec. 14 of the general statute of limitations, which allows two years after the right accrues within which to bring the action.

It follows that the court erred in overruling the demurrer to appellees' plea to the second count of the declaration. All the questions of law in this record arise on the pleadings.

There is in the record an agreed statement of facts, upon which appellant is entitled to a judgment against appellees, but the amount of such judgment this court has no jurisdiction to fix on this record. That question must be left to the determination of the trial court.

The judgment is reversed and the case remanded to the Circuit Court.

*Reversed and remanded.*