# City of Chicago
## v.
## William Kenney.

*Municipal Corporations—Ordinance—Chicago—Sec. 1024—Violation— Arrest upon View—Disorderly Conduct—City and Village Act, Secs. 84–278 — Imprisonment for Debt— Penalty — Constitution— Justices— Jurisdiction—Action of Debt.*

1. Proceedings under Secs. 84–278, of the city and village act, touching the arrest of persons disturbing the peace, or found violating a municipal ordinance, or the criminal law of the State, must be in the corporate name; such actions are of a civil nature in the form of debt, and are governed in all respects by the rule of procedure in civil cases.

2. An appeal to the Criminal Court in such cases brings the parties thereto before it, and its duty is to hear and determine the matter on its merits; such appeal is not to correct some error of law, but is to obtain a trial *de novo*, and the court has no power to determine whether the justice, before whom the case was originally brought, had jurisdiction of the subject matter until the evidence is heard.

3. Debts embraced in that clause of the State constitution touching imprisonment for debt, are those arising *ex contractu*, and do not include fines or penalties arising from violations of penal laws.

[Opinion filed December 2, 1889.]

APPEAL from the Criminal Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.

This appeal is prosecuted to reverse the order of the Criminal Court of Cook County, dismissing the suit on motion.

Appellee was arrested and tried in the police court and fined for disorderly conduct. He regularly appealed the case to the Criminal Court. When the case was called in that court a motion was made to dismiss, on the ground that the record of the trial before the justice did not show that there was a written complaint, filed with the magistrate, before whom the case was tried, and so the magistrate had no jurisdiction. The following is the transcript of the police justice, which was filed in said case in the Criminal Court:

STATE OF ILLINOIS, ⎫
  CITY OF CHICAGO, ⎬ SS.
  CHICAGO DISTRICT, ⎭
            Police Court, City of Chicago, Third District.
    Before CHAS. J. WHITE, Esq., Justice of the Peace.
CITY OF CHICAGO, ⎫
       v.          ⎬
WILLIAM KENNY. ⎭

Debt for penalty for disorderly conduct in violation of Section 1624 of the Revised Ordinances of the city of Chicago.

Arrested while committing the offense, by police officer James Kelly, Sergeant.

Case called for trial May 6, 1889; continued to May 8, 1889. The plaintiff and defendant present in court.

City of Chicago v. Kenney.

Defendant pleaded not guilty. Witnesses sworn and testified, and the court, after hearing all the evidence offered in the case, and being fully advised in the premises, finds the defendant guilty of disorderly conduct in violation of Section 1624 of the Revised Ordinances of the city of Chicago, and doth order that the said defendant be, and is hereby fined the sum of twenty dollars; wherefore, it is ordered, considered and adjudged by the court that the said plaintiff do have and recover of the said defendant the sum of $20, together with its costs in this behalf expended to be taxed.

And it is further ordered by the court in case of default or refusal on the part of the said defendant to pay said fine and costs, that William Kenny, the said defendant, be committed to the house of correction, there be detained at hard labor until said fine, penalty and costs shall be fully paid and satisfied, provided such imprisonment shall not exceed the period of six months from the time of his commitment, and that execution issue therefor. Execution issued to police bailiff Wm. O'Brien, May 8, 1889.

Witnesses
JAMES KELLY, Sergt.      Fine, $20.
Desplaines Street
Police Station.      Costs, $1.50.

I certify that this transcript contains a full and perfect statement of all the proceedings before me in the above entitled case.

CHAS. J. WHITE,
*Justice of the Peace.*

HORACE BANYON,
*Clerk Police Court.*

Mr. JOHN A. MAY, for appellant.

There are three ways to begin proceeding against persons for the violation of city ordinances: First, by summons; second, by arrest upon warrant based upon sworn complaint; and third, by arresting the offender when the offense is committed in the presence of an officer, and bringing him before some justice of the peace to be dealt with "according to law." Sec. 340, Chap. 38, R. S.

In either of these cases the proceeding is a civil suit for debt: Hoyer v. Town of Mascoutah, 59 Ill. 137; Town of Jacksonville v. Block, 36 Ill. 507; Graubner v. City of Jacksonville, 50 Ill. 87 ; and as in any other civil suit brought before a justice of the peace, no written pleadings are necessary.

When suit is commenced by summons, the defendant is notified or served to appear before some justice of the peace named in the summons, on a certain day and at a stated time, on a " plea of debt" for the violation of a certain section of the municipal code. No written and sworn complaint or pleadings, specifically setting out the act complained of, is necessary, the only object being to give the defendant notice to appear so that he may offer in defense any evidence he may desire. The Legislature has deemed it wise, for the purpose of affording better protection to society, to prescribe the two other modes, arrest upon warrant and arrest when the offense is committed in the presence of an officer, by which the accused can be brought before the justice and dealt with according to law; but by prescribing these other modes in which the law may be put in motion, the Legislature does not in any way change the nature of the proceedings.

Jurisdiction over the subject-matter is conferred upon justices of the peace by express provision of the statute. Sec. 14, Chap. 79 R. S. And "when the jurisdiction is conferred upon justices of the peace in such cases, it follows that it must be held to authorize them to proceed as in other cases. It then results, as a part of their jurisdiction, that they may hear such cases without a complaint." Ewbanks v. Town of Ashley, 36 Ill. 177–180; Town of Jacksonville v. Block, 86 Ill. 507–509; City of Alton v. Kirsch, 68 Ill. 261–263.

In Town of Jacksonville v. Block, *supra*, the court says: " Such a penalty could not be recovered in any criminal proceeding. The statute conferring upon justices of the peace jurisdiction in such cases, must be held to authorize them to proceed as in other civil cases."

" The mode of recovering such penalties was not changed by authorizing justices of the peace to take cognizance of

cases for their recovery. No complaint was necessary to commence a suit, and it is of no importance what the complaint made contained, or whether it was or was not under oath."

In an action of debt for the violation of a city ordinance a sworn complaint is not necessary, except when a warrant is desired in the first instance, and then only because in prescribing this manner in which suits may be commenced, the statute expressly provides that a complaint first be filed. Sec. 279, Chap. 24, R. S.

The court was also in error in sustaining the motion of appellee to dismiss for want of jurisdiction in the justice of the peace, when his appeal had been perfected in the Criminal Court. Whatever irregularities there may have been before the justice were cured by the taking of the appeal, and no advantage could be taken of such irregularities in the Criminal Court.

This being a civil suit (Hoyer et al. v. Town of Mascoutah, 59 Ill. 137; Town of Jacksonville v. Block, 36 Ill. 509), the law governing other civil suits governs this case.

In Town of Jacksonville v. Block, *supra*, the court uses the following language: "No exception was allowable in the Circuit Court as to the form or service of the writ, nor to any proceedings before the justice. The duty of the court was to hear and determine the cause in a summary manner, according to its merits."

In the case of Byars v. City of Mount Vernon, 77 Ill. 467, the defendant was arrested upon a warrant charging him with the violation of a city ordinance. Objections were taken to the regularity of the proceedings before the justice, and in passing upon that case the court says: "No exceptions seem to have been taken to the affidavit before the police magistrate, and on the authority of The Town of Jacksonville v. Block, 36 Ill. 507, it would appear no objection to the sufficiency of the affidavit could be taken in the Circuit Court. It was the duty of the court to hear and determine the case in a summary manner, according to its merits." Byars v. City of Mount Vernon, *supra*.

·The cases holding this to be the law in Illinois are numerous, and I respectfully call your attention to the following: Village of Coulterville v. Gillen, 72 Ill. 599; City of Alton v. Kirsch, 68 Ill. 261; Harbaugh v. City of Monmouth, 74 Ill. 367.

Messrs. JOHN F. GEETING and DWIGHT & KERN, for appellee.

The transcript does not show that the justice held his court in or that he was a justice of Cook county. Brackett v. The State, 2 Tyler, Vermont, 152–167; Bisshoff v. Beverly, 14 Vroom, 139.

."It is true that a person may be arrested without a warrant, in certain cases, but without a charge preferred as required by law, there is no case to be disposed of by the justice of the peace, and nothing to sustain a conviction in such a case." Bingham v. The State, 59 Miss. 529.

The same principle is maintained in Wilcox v. Williamson, 61 Miss. 311; Prill v. McDonald, 7 Kan. 450; Tracy v. Williams, 4 Conn. 107; Sheldon v. Newton, 3 Ohio State, 494–499; O'Brien v. State, 12 Ind. 369; Burgis v. State, 4 Ind. 126; Com. v. Ward, 4 Mass. 496; Drake v. State, 68 Ala. 512; Clark v. New Brunswick, 14 Vroom (N. J. Law Rep.), 175; Mayor v. Murphy, 11 Vroom (N. J. Law Rep.), 145; Bill of Rights, Secs. 6 and 9.

"When a prosecution originates upon complaint, one under oath or affirmation is implied. This may be fairly understood as a part of the technical meaning of the term whenever used in the statute." Campbell v. Thompson, 16 Me. 120.

"On appeal from a justice of the peace the Circuit Court has no greater jurisdiction than the justice had." The People ex rel. McClintock v. Skinner, 13 Ill. 287; City of Alton v. Kirsch, 68 Ill. 263; Clayton v. Pir Dun, 13 Johnson, 218; Low v. Rice, 8 Johnson, 409; Klaise v. State, 27 Wis. 462.

"A Circuit Court should dismiss a case on appeal if it appear that the justice had no jurisdiction." The People ex rel. McClintock, 13 Ill. 287.

Everything requisite to support a conviction should appear

City of Chicago v. Kenney.

in the record of conviction. Nothing will be presumed in favor of a conviction in a court of limited jurisdiction.

"A conviction must contain the following particulars:

"An information or charge against defendant, a summons or notice of the information to defendant, in order that he may make his defense  *  *  *  his confession or defense *  *  *  the evidence  *  *  *  all these matters must be particularly set out on the conviction." Hurd on Habeas Corpus, 401, 2d Ed.; In re Travis, Legal News, Vol. 10, p. 373; Sheldon v. Newton, 3 Ohio State, 494–499.

As to requisites of city complaints, see Commonwealth v. Gay, 5 Pickering, 44; Stephens v. Dimond, 6 New Hampshire, 330.

Of all the cases cited by appellant we are unable to find one where the court has sustained an action except on summons or complaint. In one case a *capias* was issued without complaint, but was served by reading, and no arrest made; held, to operate as a summons. City of Alton v. Kirsch, 68 Ill. 263.

MORAN, J.   Sec. 84 of the City and Village Act declares that policemen in cities shall be conservators of the peace, and shall have power to arrest with or without process, all persons who break the peace, or are found violating any ordinance of the city or any criminal law of the State, and if necessary, detain such persons in custody over night or Sunday, or until they can be brought before the proper magistrate. Starr & Curtis' Ill. Stats. 479.

Sec. 278 of said act provides that in all actions for the violation of any ordinance of any city the first process shall be a summons, provided, however, that a warrant for the arrest of the offender may issue, in the first instance, upon the affidavit of any person that any such ordinance has been violated, and that the person making the complaint has reasonable grounds to believe the party charged is guilty thereof; and any person arrested upon such warrant shall, without unnecessary delay, be taken before the proper officer to be tried for the alleged offense.

The proceeding must be in the corporate name of the city, and is a civil action, in form, debt, and governed in all respects by the rules of procedure in civil cases. Israel v. Jacksonville, 1 Scam. 290; Town of Lewiston v. Proctor, 27 Ill. 414; Town of Havana v. Biggs, 58 Ill. 483; Town of Partridge v. Snyder, 78 Ill. 519; Webster v. The People, 14 Ill. 365.

It is not contended here that if this action had been commenced before the justice, by summons, any complaint or other form of pleading would have been necessary; but the argument seems to be that because there was an arrest of the defendant, the case took in some part a criminal form, and that a failure to file an affidavit or complaint showing probable cause and stating the nature of the accusation, deprived the justice of jurisdiction to hear the evidence and render judgment. Even if a complaint were required to be filed in criminal proceedings where the arrest was on view (on which question we express no opinion), no analogy would be furnished which would require a complaint or other written pleading in a civil proceeding to recover a fine or penalty for breach of a city ordinance where the offender was arrested on view. The fact that there is an arrest either by warrant or on view, does not change the proceeding from a civil to a criminal one. The justice has jurisdiction of the subject-matter by law, and if the offender is brought before him by an arrest on warrant, or by an arrest made on view, or by the service of a summons, he will have jurisdiction of the parties, and may proceed to the trial and determination of the case.

True, an affidavit or complaint is necessary to authorize the issuing of a warrant, but such affidavit or complaint is not the foundation of the justice's jurisdiction to hear the case and render judgment therein, for he might hear just the same case and render the same judgment where the action was commenced by summons, and where no affidavit or complaint or written charge of any kind was filed. In other words, by whatever means the justice obtains jurisdiction of the defendant, whether by arrest on warrant, arrest on view, or by service of summons, the practice and proceedings before the justice are to be the same as in any other civil suit. It was

said by the Supreme Court in Ewbanks v. Town of Ashley, 36 Ill. 177, where a warrant for the arrest of a defendant for violation of an ordinance was issued by a justice of the peace without any complaint or affidavit being filed, " when the jurisdiction is conferred upon justices of the peace in such cases, it follows that it must be held to authorize them to proceed as in any other cases. It then results, as a part of their jurisdiction, that they may hear such cases without complaint." The warrant in said case was served as a summons, but we are unable to perceive how that makes any difference as to the principle decided. The fact that no complaint is necessary in a proceeding before a justice to recover for the violation of an ordinance was also held in Town of Jacksonville v. Block, 36 Ill. 507.

It appears from the transcript of the justice set out in the statement of facts, that the defendant was arrested while committing the offense; that the action was debt for a penalty for disorderly conduct in violation of Section 1624 Revised Ordinances; that the defendant pleaded not guilty; that the witnesses were sworn and testified; that the court being fully advised, finds the defendant guilty of the charge and assesses the penalty or fine against him. This states with reasonable certainty an offense against the ordinance, and one of which the justice had jurisdiction. As it is admitted that it was lawful to bring defendant into court by arrest on view, it is difficult to conceive what the justice's record lacks of showing a regular proceeding and valid judgment, unless we reverse the holding of the Supreme Court, and say that a complaint or some other written pleading is necessary to sustain the jurisdiction of a justice of the peace in an action to recover a penalty or fine under an ordinance. But if the proceeding before the justice had been in fact irregular, by reason of a failure to file a complaint, or a sufficient one, such fact would not warrant the judgment of the Criminal Court in dismissing the action on motion.

The appeal brought all the parties before the Criminal Court, and it was the duty of that court to hear and determine the matter on its merits. The appeal is not to correct

some error of law, but it is to obtain a trial *de novo*, and the court had no power to determine whether the justice had jurisdiction of the subject-matter until the evidence was heard. " It is well settled in this court that no advantage can be taken in the Circuit Court of any irregularity in the process issuing from a justice of the peace or its service.   *   *   *   The only requisite is jurisdiction in a justice of the peace; for aught that appears he had jurisdiction in this case, and the suit should not have been dismissed." City of Alton v. Kirsch, 68 Ill. 261.

In that case the Circuit Court dismissed the suit on the appeal for the reason that the complaint filed before the justice appeared to be defective; but the Supreme Court said, the complaint in writing not being necessary, one defective in an important particular could not deprive the Circuit Court of the power to hear and determine the case on the facts, as they might be established in that court: and in Town of Jacksonville v. Block, *supra,* it was said that "no exception was allowable in the Circuit Court as to the form or service of the writ, nor *to any proceedings* before the justice. The duty of that court was to hear and determine the cause in a summary manner, according to its merits." See also Byars v. City of Mount Vernon, 77 Ill. 467.

The argument of the counsel, that this can not be treated as a civil proceeding because, in order to sustain it as such, the provision of our constitution forbidding imprisonment for debt would be violated, is without force. The debts intended to be embraced in that clause are those arising *ex contractu.* It does not include fines or penalties arising from violation of penal laws. Kennedy v. The People, 122 Ill. 649, and cases there cited. The committal of the defendant until the fine is paid, is necessary in such cases, and the power to do so indispensable to the safety of society, the preservation of good order and the enforcement of the ordinances. Ex parte Bollig, 31 Ill. 88.

We have carefully examined all the cases cited by counsel for appellee, some of which seem to have been relied on by the learned judge who decided this case in the Criminal Court.

Tracy v. Williams, 4 Conn., was a criminal examination, and was decided on a distinction between the requirement of the Connecticut statutes and common law. So far as the case purports to go on general principles, it is *contra* to Lancaster v. Lane, 19 Ill. 242. There, Lancaster the justice, was sued as a trespasser for issuing an execution on which a sale was made. The execution was issued to collect a fine which had been imposed by the justice. The docket of the justice was introduced in evidence, and so far as related to jurisdiction, it recited that: "The *fite* was willingy fit in view of the justice. The justice imposed a fine of $5 each, giving no *rite* of evidence or jury." The Supreme Court held that the justice was entitled to be tried by his docket; that it showed a case properly docketed, and that the offense was committed in view of the magistrate. "The offender was in court, and therefore no warrant was necessary to bring him to court. * * * Being in custody of the officer and in court, and the court having jurisdiction of his person as well as of the offense, the magistrate could exercise the jurisdiction to the fullest extent by trying him." In Mayor of Newark v. Murphy, 11 Vroom, 145, the officer making the arrest had no authority under the law to arrest for the violation of ordinances, and the same is true of the case of Clark v. New Brunswick, 14 Vroom, 175. It is unnecessary to examine all the cases cited in detail. It is enough to say that they are all easily distinguishable from this case.

The judgment must be reversed and the case remanded to the Criminal Court for further proceedings in accordance with the law as here stated.

*Reversed and remanded.*