## James R. Lane v. James Frake.

1. DEBT—*to Recover a Penalty Not Quasi Criminal in its Nature.* —An action of debt to recover the penalty provided for by Sec. 10, Chap. 95, R. S., is not within the meaning of the Constitution of this State a criminal or quasi criminal case.

2. MORTGAGES—*Failure to Release—Sec. 10, Chap. 95, R. S., Construed.*—A mortgagee is not required by Sec. 10, Chap 95, R. S., to determine disputed questions and is not liable under that section for a failure or refusal to release a mortgage where the right of the person demanding such release is a disputed question.

Debt, for a penalty. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

### STATEMENT OF THE CASE.

Appellant caused certain undivided premises to be conveyed to one Herbert L. Bailey, by deeds dated June 4, 1891, upon which premises Bailey executed a trust deed to appellee, to secure the payment of the balance of the purchase price of said premises, evidenced by notes due respectively in one, two and three years after date. Appellant paid the cash payment made at the time of the conveyance to Bailey, and also paid in August, 1892, the notes that fell due in June of that year.

Bailey conveyed the premises to one Church. Church subdivided the premises and conveyed them to appellant, who conveyed them to A. J. Vesey, who executed a trust deed to one Fishburn, trustee, on a part of the premises. All of these deeds and plat were filed for record the same day, October 20, 1893. In April, 1894, Vesey conveyed all the premises to Andrew A. Brock, subject to all the incumbrances then on the premises.

On June 20, 1894, a bill was filed to foreclose the Bailey trust deed, for the non-payment of the taxes of the years 1892 and 1893, and the non-payment of the notes falling due June 4, 1893 and 1894. The trust deed to appellee provided that upon payment of a specified sum, the trustee should release a certain proportion of the property. Such payment having been made, July 17th, 19th and 20th, appellant demanded that appellee release a part of the premises described in the Bailey trust deed. The trustee refused to execute the release demanded. August 8th, Lane filed his cross-bill to obtain a release of the lots he had demanded Frake to release. On August 20th, Lane brought suit in

Lane v. Frake.

debt by ordinary summons to recover the penalty provided for by Sec. 10, Chap. 95, Revised Statutes. Judgment by default was rendered against Frake (appellee) for $150, who appealed to the Circuit Court of Cook County. On trial in the Circuit Court judgment was rendered for appellee.

Appellant contends that the appeal in this case should have been taken to the Criminal Court, and in consequence of its being taken to the Circuit Court, that Court should have dismissed the appeal on his motion.

This contention is based on Sec. 26, Art. 6, Constitution of 1870, a part of which section reads : " All recognizances and appeals taken in said county in criminal and quasi criminal cases shall be returned and taken to said ( Criminal ) Court."

Appellant asserts that this case, commenced before a justice, is a quasi criminal case.

THOMPSON, DELAMATER & CLARK and WILLIAM H. WILKINS, attorneys for appellant.

Civil cases are of two kinds, those purely civil and those quasi criminal. A quasi criminal case is not a criminal case but is a civil case, somewhat resembling in its nature a criminal case. That a quasi criminal offense is not a criminal offense as defined by the criminal code is, under the authorities, clear. Wiggins v. City, 68 Ill. 375; Tully v. Northfield, 6 Ill. App. 358.

Cases of this character to recover a penalty, are quasi criminal in nature, and that an appeal under the Constitution clearly lies to the Criminal Court of Cook County. The Criminal Court of Cook County, under the present Constitution has jurisdiction in cases of quasi criminal nature. These terms as used, are intended to embrace all offenses, not crimes or misdemeanors, but in the nature of crimes, which should be punished not by indictment, but by forfeitures and penalties. It includes all *qui tam* actions, prosecutions for bastardy, informations in the nature of quo warranto, and suits for the violation of ordinances. Wiggins v. City, 68 Ill. 375.

Actions to recover statutory penalties are in their nature quasi criminal prosecutions. Tully v. Northfield, 6 Ill. App. 359; Chicago, R. I. & P. Ry. Co. v. Calumet, 50 Ill. App. 555.

CHAS. S. CUTTING, attorney for appellee.

The appeal was properly taken to the Circuit Court, as this cause is not a criminal or quasi criminal case. Webster v. The People, 14 Ill. 365; Wiggins v. City of Chicago, 68 Ill. 372.

Our Supreme Court has frequently decided that where an ordinance does not inflict a fine for its violation, but in terms imposed a penalty, the suit to recover the penalty is a civil suit, and an action of debt is purely a civil action. Town of Lewiston v. Proctor, 27 Ill. 414; Town of Havana v. Biggs, 58 Ill. 483; Town of Pardridge v. Snyder, 78 Ill. 519; City of Chicago v. Enright, 27 Ill. App. 568; Knowles v. Village of Wayne City, 31 Ill. App. 475.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The appeal was properly taken to the Circuit Court. The cause is not, within the meaning of the Constitution of this State, a criminal or quasi criminal case. Webster v. The People, 14 Ill. 365; Wiggins v. City of Chicago, 68 Ill. 372; City of Chicago v. Enright, 27 Ill. App. 559.

This court does not affirm judgments because of a failure on the part of appellees to file briefs.

The statute under which this action is brought is as follows:

"If any mortgagee or trustee in a deed in the nature of a mortgage * * * knowing the same to be paid, shall not, within one month after the payment of the debt secured by such mortgage or trust deed and request and tender of his reasonable charges, release the same, he shall, for every such offense, forfeit and pay to the party aggrieved the sum," etc. Illinois Revised Statutes, Chap. 95, Sec. 10.

The statute, being penal, is to be strictly construed.

Appellant, when he demanded the release, was not the owner of the premises which he sought to have released, nor had the entire mortgage debt been paid.

The contention of appellant is that the trustee should have determined that he, Lane, was entitled to have a release of a portion of the mortgaged property, and that the portion selected by appellant was such portion, both of which were disputed questions, about which courts have held variant opinions. Appellant contends that for not having decided such questions correctly the trustee must pay a penalty of $150.

The judgment of the Circuit Court is affirmed.