## Chicago, C., C. & St. L. Ry. Co. and Peoria & Eastern Ry. Co. v. Alexander Johnson.

1. JURY—*Duty of, Where There is a Sharp Conflict of Evidence.*—
Where there is a sharp conflict in the evidence it is the peculiar province
of the jury to determine where the truth is, and the Appellate Court
will not disturb its finding, unless the record shows the rulings of the
trial court on the evidence and instructions, of which complaint is made,
have improperly contributed to such finding.

**Trespass on the Case,** for personal injuries. Appeal from the Cir-
cuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge,
presiding. Heard in this court at the May term, 1901. Affirmed.
Opinion filed December 10, 1901.

A. E. DE MANGE and J. E. HOFFMAN, attorneys for appel-
lants; JOHN T. DYE, of counsel.

Barry, Morrissey & Fifer, attorneys for appellee.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

This was an action on the case by appellee against appellants, which was tried by jury in the Circuit Court of McLean County, and resulted in a verdict and judgment in favor of appellee for $300 damages, which he sustained for personal injuries inflicted upon him by reason of the negligence of appellants.

Appellants bring the case to this court by appeal, and urge the reversal of judgment, because they claim the verdict was against the evidence, and the court erred, to their prejudice, in its rulings upon the evidence and instructions, and in overruling their motion for a new trial.

The evidence discloses that appellee was engaged in hauling *debris* in a two-horse wagon from the ruins of the court house that burned in Bloomington, Illinois, to a cemetery, just outside the city, and in taking it from the court house site to the cemetery he had to go south along Main street and over the tracks of appellants' railroad, where they cross it in the city. On the morning of October 9, 1900, when appellee was taking his fourth load that morning, upon arriving at that crossing he found it obstructed by one of appellants' trains, so he could not cross, and he, and others, waited there some five or six minutes, when appellants' flagman there, signaled for the trainmen to open the crossing, which they did by cutting the train in two and pulling the part which was on it to the east side of the street. Appellee, and those waiting with him, then started over, and as his wagon was on the tracks, the part of the train on the east side of the street was pushed by the engine eastward over the crossing, and the west end of it struck his wagon and knocked him off it onto the ground, breaking two of his ribs, puncturing his lungs and otherwise injuring him.

Appellee testified that the flagman gave a signal for those waiting to go over the crossing as soon as the train

moved off it, and that they (he among them) started over because of the signal. The flagman, however, denies that he gave such signal, and testified that he told them not to cross, and did all in his power to prevent them from so doing. Both are corroborated by several witnesses.

The testimony of appellee and his witnesses, if.they told the truth, abundantly warranted the jury in finding as they did, while that of witnesses for appellants, if they told the truth, would have fully warranted a finding the other way; and in this sharp conflict in the evidence, it was the peculiar province of the jury to determine what the truth was, and we ought not to disturb their finding, unless the record shows the rulings of the court on the evidence and instructions, of which counsel for appellants complain, have improperly contributed to such finding. We have carefully examined the evidence in this case to ascertain whether such rulings were open to the objections urged against them, and find that they were fair and free from error, so that the court properly overruled the motion for a new trial, and its judgment on the verdict will be affirmed.