## J. I. Case Threshing Machine Company v. John Stein et al.

1. IDENTITY—*what evidence competent upon question of.* Where the question is as to the identity of a particular article of merchandise, it is competent to permit a witness to testify with respect thereto, giving his reasons for the conclusion which he states.

2. REMARKS OF COUNSEL—*when cannot be complained of.* Remarks of counsel made in the presence of the jury in the course of an argument of a motion, cannot be complained of by a party who has not asked that the jury be excluded during the course of such argument.

3. REMARKS OF COUNSEL—*when cannot be complained of.* Remarks of counsel if not called to the attention of the trial court cannot be complained of on appeal.

Replevin and assumpsit, consolidated. Appeal from the Circuit Court of Clinton County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

THOMAS E. FORD and WILLIAM JOHNSTON, for appellant.

FRANK F. NOLEMAN and MURRAY & BECKMEYER, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellees lived at Shattuc, a village in Clinton county, in this State, and were engaged in the business of threshing grain in the summer and operating a grist mill during the winter months. Some five years ago they purchased a 12-horse power traction engine and threshing outfit from appellant, which they used in carrying on their business. In September, 1905, an agent of appellant, named Garber, induced them to give an order to appellant, for a new engine in exchange for their old engine and their notes for $780. Appellees executed a bill of sale for their old engine, and signed an order for the new one. This order for some reason was never acted upon, nor was the bill of sale returned to appellees.

In January, 1906, N. H. Welch, another agent of appellant, called upon appellees and after some negotiations, secured from them a new contract, which they signed, whereby they agreed to give their old engine and six notes for $130 each for a new 15-horse power engine. Upon this occasion no bill of sale was executed by appellees for their old engine. Soon after this contract was executed, appellant shipped a 15-horse power engine to appellees, which arrived at Shattuc early in February. Upon examination of this engine as it stood on the car, appellees claimed to have discovered that it was not a new engine, such as they had contracted for, but was a second-hand engine, which had seen considerable service, and when the agent Welch arrived a day or two later to deliver the engine to them, they so informed him and refused to accept it. After a sharp controversy, it was agreed that appellees and the agent Welch, should go to appellant's warehouse in St. Louis, Mo., and talk to the general agent, which they did. As a result of the conference appellees signed an order to appellant, dated February 22, 1906, prepared by Welch, saying they were not willing to accept or pay freight on the engine which had been shipped them, but if appellant would ship them one of its latest improved 15-horse power engines, "as per contract with oil pump, etc.," they would accept the same upon its arrival, pay freight from St. Louis and make settlement for it. Afterwards on February 22, 1906, appellant from its office in Racine, Wisconsin, wrote appellees stating that the engine sent appellees was a new engine, though it had been fired a few times and tested thoroughly, but if appellees would return that engine to St. Louis, the company would send them a new one from Racine.

The engine at Shattuc was accordingly returned to St. Louis, and about a week later appellant's representatives shipped to appellees on the same car, what they claimed to be another engine. This engine arrived at Shattuc March 10, and was at once examined by appellees and others residing in that neighborhood. It was then and is now claimed by appellees, that they and the others who examined the engine at that time, found that it was not a new engine, but was

Threshing Machine Co. v. Stein.

substantially the same old engine, which had been shipped them before; that new wheels and running gears had been placed on it; that the boiler had been repainted, a new door placed on the fire box, a new number, 16314, had replaced the old number, 13456, and that the cog wheels and everything which was not attached to the boiler, had been removed and replaced by new parts, but that the boiler, steam chest, fire box and all permanent attachments of the boiler, were the same as before; that by the use of paint and putty, many of the marks which formerly appeared on the engine had been changed, but that there were still marks remaining by which they could identify it as substantially the same engine. When the agent, Welch, came to Shattuc to unload the engine, and demand a settlement, he was informed by appellees that this was the same engine which had been sent them before and that they would not accept it. Appellant soon afterwards commenced suit in replevin against appellees, seized their 12-horse power engine under the writ of replevin, took it from their mill and shipped it away. The replevin suit was followed by a suit brought by appellant against appellees, upon their contract for the purchase of the engine.

Upon the trial the two suits were by agreement of parties consolidated and tried as one case. The jury found a verdict in favor of appellees, and a motion for a new trial having been overruled, the court entered judgment against appellants for costs, from which it appeals to this court.

Appellant gives as reasons why the judgment of the trial court should be reversed, that the court admitted improper evidence on behalf of appellees; that counsel for appellees made improper remarks in the presence of the jury, when the affidavit for continuance was under consideration, and that the verdict was not warranted by the evidence.

The first objection in regard to the admission of evidence is that the court, over the objection of appellant, permitted several witnesses to state their opinions as to whether or not the engine last sent to appellees, was the same one which had previously been sent to them. The objection was that the witnesses were not competent to pass upon the question

whether the engine was the same or not. These witnesses had made an examination and testified as to the various marks, manner of construction, painting and other reasons which led them to believe that the same engine had been shipped to appellee on both occasions. As they gave their reasons for their belief in full, we think the court properly permitted them to state their opinions on the question of whether it was the same engine or not.

It is further objected that the court permitted appellee, John Stein, to testify relative to a conversation he had with appellant's agent Welch, concerning what Garber, also an agent of appellant, had said to him, when appellees were first approached upon the subject of buying a new engine. In that conversation Stein gave Welch as one of his reasons for not accepting the first engine sent out to appellees, that Garber had told him he would furnish him a late engine numbered over 16,000 and that it would have an adjustable block and oil pump. Witness was testifying not to a conversation with Garber, at the time the first contract was made, but to a conversation with Welch. The conversation with Welch had important bearing upon the suit, and it was not only proper, but appears from the record of the testimony to have been necessary for the witness to have testified as to what he told Welch Garber said, in order to make the replies of Welch upon the subject plain and to account for what subsequently took place between them.

The complaint concerning remarks of counsel for appellees is that when appellant presented a motion for a continuance, on the ground of the absence of three employees of appellant, who were desired as witnesses, the court permitted one of counsel for appellees to make and state at length his reasons why, in his opinion, the motion should not be granted and to comment upon the same in the presence of the jury, and that these comments largely destroyed the effect of the affidavit which was admitted in evidence. It was entirely proper for counsel for appellees to give his reasons why he objected to the motion for continuance, and had appellant desired the jury should not hear the argument, his counsel

State Bank v. Noser.

should have asked the court to exclude the jury.   Appellant's counsel is in no position however to complain of the remarks here, for the reason that he did not call them to the attention of the court at the time, nor does he appear to have made any objection whatever to them in the trial court.

By far the greater portion of appellant's argument is devoted to its proposition that the evidence is not sufficient to sustain the verdict and this subject is argued at length. Practically the only issues on the trial were:   First, was the first engine shipped to Shattuc, a new one or not?   Second, was the same engine with new parts shipped to Shattuc a second time or was a wholly new engine shipped on that occasion?  .Upon these subjects the evidence was voluminous, conflicting and hopelessly irreconcilable.   Seven witnesses were sworn for appellant, who swore to facts tending to sustain appellant's case, while some 16 swore to facts tending to sustain the contention of appellees.

The case was one which fell peculiarly and more than ordinarily within the province of the jury.   They saw the witnesses upon the stand and heard their testimony and considered the same, together with the other evidence in the case, and under the circumstances, we are not at liberty to disturb their verdict.   C., C., C. & St. L. Ry. Co. v. Johnson, 99 Ill. App., 400.

The judgment of the court below is affirmed.

*Affirmed.*