RENA MORTON, Defendant in Error, *vs.* EVAN PUSEY, Plaintiff in Error.

*Opinion filed December 15, 1908.*

1. CONSTITUTIONAL LAW—*legislature may create code of practice applicable to municipal court alone.* The constitutional amendment, adopted in 1904, providing that in the event of the creation of municipal courts in Chicago "the jurisdiction and practice shall be such as the General Assembly shall provide," authorizes the creation by the legislature of a code of practice applicable to such municipal courts alone, provided no provision with reference to jurisdiction or practice so changes the organization or functions of the court that it can no longer be regarded as a city court.

2. SAME—*statute giving municipal judge discretion to charge the jury orally is valid.* The constitutional amendment adopted in 1904, providing that the jurisdiction and practice of municipal courts in Chicago "shall be such as the General Assembly shall provide," authorizes section 37 of the Municipal Court act, (Laws of 1905, p. 175,) giving judges of municipal courts in Chicago the discretion to charge the jury orally or in writing, and the vesting of such discretion is not a delegation of legislative power.

3. PRACTICE—*written instructions may be refused if municipal judge has determined to charge jury orally.* After the judge of the municipal court has determined to charge the jury orally and has so advised counsel before beginning his charge, it is not error for him to refuse to give instructions in writing presented by counsel.

4. APPEALS AND ERRORS—*objections to statement of cause of action should be pointed out in the brief.* The Supreme Court will not enter into an independent investigation to determine the sufficiency of the plaintiff's statement of his cause of action in the municipal court, where the defendant has not pointed out in his brief wherein such statement fails to meet the requirements of the statute.

5. SAME—*point first raised in reply brief will not be considered.* A point made in the reply brief which has not been suggested by the appellant or plaintiff in error in his original brief and argument will be disregarded by the Supreme Court.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding.

On May 20, 1908, Rena Morton, a minor, the defendant in error, by her next friend, recovered a judgment for the sum of $500, in the municipal court of Chicago, against Evan Pusey, plaintiff in error, for personal injuries alleged to have been sustained by her through the negligence of plaintiff in error in the operation of an automobile at the corner of Sixty-fourth street and Stony Island avenue, in the city of Chicago, on the evening of August 4, 1907. To review that judgment plaintiff in error has sued out a writ of error from this court.

The amended statement of claim filed by defendant in error avers that the injuries complained of were occasioned through the negligence of the plaintiff in error in operating

and driving a certain automobile at an undue or high rate of speed across a busy thoroughfare, by failing to sound any horn or other warning of his approach, and by running his machine down the wrong side of the street, past and around a certain street car then standing at said crossing, at an undue speed, by reason of which defendant in error was unable to see or escape from said automobile; that the plaintiff in error failed to properly manage and control his said machine and to apply brakes and stop the same within a proper time and distance, and was careless and unskillful in the management and control of said automobile, by reason of which negligence defendant in error, while in the exercise of due care, was struck by said automobile and injured, both internally and externally, and by reason of said injuries she incurred large expense for doctor's bills and medicine and sustained financial loss of wages and salary during a period of three months; that said internal and external injuries aforesaid consisted of the striking, bruising and wounding the left side of defendant in error and the injuring and hurting of her left arm and left leg, by reason of which she sustained great pain, and her left ankle and left knee were rendered sore and stiff and permanently weak, injured and impaired; that the head of defendant in error was also injured, bruised and cut, and since said accident she has had fainting spells and headaches, pains in and about her head and eyes, and the shock and fall also impaired the internal organs and functions of defendant in error and have impaired her general health.

Sixty-fourth street runs east and west. Stony Island avenue runs north and south and crosses the end of Sixty-fourth street just west of an entrance to Jackson Park. Running east toward Stony Island avenue on Sixty-fourth street are three street car tracks, the south track turning to the south and the other two turning to the north on Stony Island avenue. On this south track east-bound cars are operated, and at the junction of the two streets this track

is laid within three or four feet of the curb on the south side of Sixty-fourth street. On the track immediately north, west-bound cars are operated. The accident occurred about 8:30 o'clock on the evening of August 4, 1907, at the junction of these two streets. A car running east on the south track on Sixty-fourth street had just arrived at the corner and had stopped to let passengers off before turning south on Stony Island avenue. At this time there were a number of persons on the west side of the avenue immediately south of Sixty-fourth street, some of them waiting to take the car and others intending to cross the railway tracks. For some distance plaintiff in error had followed the car on the south track with his automobile, and when the car slowed down to make the stop at the corner the plaintiff in error turned his machine to the left and ran on east along the north side of and close to the car. Just as he reached the east end of the car, defendant in error, who was crossing Sixty-fourth street, walking to the north on the west line of Stony Island avenue, and who had passed just in front of the street car after the motorman on the car had motioned her to do so, stepped in front of plaintiff in error's machine and was struck by it and knocked down. On the trial plaintiff in error testified that he was running his machine, at the time of the accident, on second speed, and that he was traveling less than six miles an hour, and that when the machine was operated at first speed it could be run as slow as three miles an hour; that the machine was stopped by him thirteen or fourteen feet east of the point where the accident occurred; that when he turned out to go around the car he saw no one on the street ahead of him, and that he did not see defendant in error until the instant before she was struck, and it was then too late to apply the emergency brake; that just as he was leaving the car track to go around the street car he sounded his horn and at the moment defendant in error stepped in front of his machine he shouted to her. When struck by the machine defendant

in error's left knee and left arm were quite severely injured, and it appears from the evidence that for a considerable length of time afterward she suffered from other bodily ailments occasioned by the shock. Prior to the injury the defendant in error was employed as stenographer, but on account of the condition of her health following the accident she was obliged to give up this work.

At the close of all the evidence the court denied plaintiff in error's motion for a peremptory instruction.

CHARLES A. PHELPS, for plaintiff in error:

Section 37 of the Municipal Court act, providing "that in trials by jury in the municipal court of Chicago the court shall charge the jury as to the law only, and the charge may, in the discretion of the court, be given orally or in writing," is unconstitutional for the following reasons:

(a) Because section 22 of article 4 of the constitution provides that "the General Assembly shall not pass local or special laws in any of the following enumerated cases, that is to say, for * * * regulating the practice in courts of justice. * * * In all other cases where the general law can be made applicable no special law shall be enacted."

(b) Because section 29 of article 6 of the constitution provides that "all laws relating to courts shall be general and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform."

(c) Because it attempts to delegate legislative duties to the court and authorize it to make the law as to how a jury shall be instructed in each case.

The same power cannot be either legislative or judicial, as the legislature may incline to retain it or surrender it to

the judiciary. 6 Am. & Eng. Ency. of Law, (2d ed.) 1026; *Galesburg* v. *Hawkinson*, 75 Ill. 152.

The provision of the statute requiring instructions to be reduced to writing is mandatory, and the court must follow the provision of the statute, and it is reversible error to instruct the jury orally. *Ray* v. *Wooters*, 19 Ill. 81; *McEwen* v. *Morey*, 60 id. 32.

To the extent, only, that the amendment of 1904 invades the limitations and safeguards erected by the constitution as originally framed, the provisions of the amended section prevail, but in all other respects those limitations and safeguards remain unimpaired and in full force and vigor, as part of the organic law of the State. *Chicago* v. *Reeves*, 220 Ill. 274; *Railroad Co.* v. *Drainage District*, 194 id. 310.

The "proceedings and practice" of the courts must be construed to mean the form in which actions are brought and the manner of conducting and carrying on suits. Bouvier defines "practice" as "the form, manner and order of conducting and carrying on suits or prosecutions in courts through their various stages, according to the principles of law and the rules laid down by the respective courts." *People* v. *Raymond*, 186 Ill. 407.

The court provided for under the Municipal Court act has substantially the same jurisdictional features as the courts formed under the City Court act. *Miller* v. *People*, 230 Ill. 65; *Chicago* v. *Knobel*, 232 id. 112; *Ladies of Maccabees* v. *Harrington*, 227 id. 511.

The operation of the City Court act is uniform and general in all the cities in which its provisions come into operation. *Railroad Co.* v. *Greer*, 223 Ill. 104.

The constitution of 1870, and the subsequent enactments of the legislature in reference to city courts, abolished all prior enactments in reference to city courts, their practices and jurisdictions; and the court has uniformly

held that the object and purpose of the constitution and the subsequent enactments was the establishment of a uniform practice in the city courts as well as all other courts of justice in this State. *People* v. *Rumsey,* 64 Ill. 44; *O'Connor* v. *Leddy,* 64 id. 299; *Blake* v. *Peckham,* 64 id. 362; *Frantz* v. *Fleitz,* 85 id. 362; *Myers* v. *People,* 67 id. 503.

Plaintiff was required to exercise due care for her own safety, and not to blindly rush into danger and then seek to recover from the plaintiff. *Railway Co.* v. *Halsey,* 133 Ill. 248; *Lovenguth* v. *Bloomington,* 71 id. 238.

It was incumbent on the plaintiff, under the circumstances of this case, to prove that the defendant had an opportunity to become conscious of the facts giving rise to his duty to the plaintiff. *Traction Co.* v. *Browdy,* 206 Ill. 615.

If the plaintiff ran in front of defendant's automobile so suddenly that he could not have avoided colliding with her, defendant was not liable. *Traction Co.* v. *Leach,* 215 Ill. 184.

JOHN E. ERICKSON, (WILLIS H. HUTSON, of counsel,) for defendant in error:

The General Assembly is expressly authorized by the amendment of 1904 to the constitution "to pass any law, local, special or general, providing a scheme or charter of a local municipal government for Chicago, * * * and in such case the jurisdiction and practice of said municipal courts shall be such as the General Assembly shall prescribe, and the General Assembly may pass all laws which it may deem requisite to effectually provide a complete system of local municipal government for Chicago."

The act authorizing oral instructions is not local or special. It regulates the practice of the entire municipal court. It neither includes nor excludes any other courts "of the same class or grade."

All assignments of error not argued in the argument of plaintiff in error are deemed, upon appeal, to have been waived. *Jones* v. *Bean,* 136 Ill. App. 545; *Brewing Ass.* v. *Hamilton,* 41 id. 481.

Mr. JUSTICE SCOTT delivered the opinion of the court:

' Pursuant to section 300 of chapter 37, Hurd's Revised Statutes of 1905, the judge of the municipal court instructed the jury orally, and it is contended by plaintiff in error that this section 300, giving the judge discretion to deliver his charge orally or to deliver it in writing, is in violation of section 22 of article 4 of the constitution, which forbids the passage of any local or special law regulating the practice in courts of justice, and it is urged that it also violates section 29 of article 6 of the constitution, which reads as follows: "All judicial officers shall be commissioned by the Governor. All laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." These objections to the section of the statute in question are based on the fact that it gives discretion to the judge of the municipal court to instruct the jury either orally or in writing, while a like discretion is not conferred upon the judge of any other court.

The amendment to the constitution adopted by the voters in 1904, and which is section 34 of article 4 of the fundamental law of the State, provides that in the event of the creation of municipal courts in the city of Chicago "the jurisdiction and practice of said municipal courts shall be such as the General Assembly shall prescribe." If plaintiff in error's contention is correct, the words just quoted are entirely without meaning. We do not think they should be so regarded. One purpose of the legislature and of the

237—3

people unquestionably was to authorize the creation of a code of practice for the municipal court of Chicago which might apply to that court alone. Such a code cannot take away from a litigant any right given him by the constitution as it stood prior to this amendment in reference to any matter other than practice in that court, but as the question of instructing orally or of instructing in writing is solely a matter of practice, we think that the statute in question is warranted by section 34, *supra.* Nor can it be said, as here contended, that this section delegates to the judge legislative power to determine whether or not, in any particular case, the jury shall be instructed by one method or another. Statutes vesting like discretionary powers in judges of courts of record have never been regarded in this State as conferring legislative power upon the judges. It is, however, beyond the power of the legislature to make any provision in reference to the jurisdiction of or practice in the municipal court which would effect such a change in the organization or functions of the court that it could no longer be regarded as a municipal or city court. *Miller* v. *People,* 230 Ill. 65.

After the court had disposed of a motion made at the close of all the evidence the attorney for plaintiff in error asked that the jury be instructed in writing, and presented certain written instructions and requested that the court give the same. These were all refused, for the reason that the court had elected to instruct the jury orally. At the conclusion of the oral charge the judge inquired whether there were any objections to the instructions as given. Counsel for plaintiff in error did not make any objection nor take any exception to the charge so far as the law stated or omitted was concerned, but asked that two of the written instructions which he had before passed up, and which two he then again presented, should be given. The court refused both. One of them contained a proper element which went to the measure of damages, the substance

of which should have in some manner been given to the jury, but as offered these instructions were properly refused for the reason that they were in writing when the court had determined to charge the jury orally and had so advised counsel before beginning to instruct.

The sufficiency of the amended statement of plaintiff's cause of action was challenged. Plaintiff in error has not in his brief pointed out wherein that statement fails to meet the requirements of the statute. We will not enter upon an independent investigation ourselves for the purpose of ascertaining whether the alleged error exists.

Evidence was received tending to show that prior to the time of the injury the menses of the injured girl had occurred at regular intervals and that afterward the periods at which they occurred were irregular, indicating derangement, which it was claimed resulted from the accident. It was objected that the statement of claim was not broad enough to permit the admission of such testimony. We have examined that statement and are of opinion the evidence was admissible.

It is also complained that the court erred in refusing to instruct the jury to find for the defendant at the close of all the evidence. The statement preceding this opinion shows that the evidence tended to prove plaintiff's statement of her claim. The motion was without merit.

The verdict was not against the weight of the evidence nor was the amount of damages allowed excessive.

Plaintiff in error by his reply brief and argument raises a constitutional question not suggested by his original brief and argument. The portion of his reply brief dealing with this proposition has been disregarded by us.

The judgment of the municipal court will be affirmed.

*Judgment affirmed.*