### John C. V. Kraft, Appellee, v. Ralph Jefferson, Appellant.

### Gen. No. 14,568.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. MUNICIPAL COURT—*propriety of oral instructions.* The judges of the Municipal Court may in their discretion instruct jurors either orally or in writing; the right so to do covers all classes of cases cognizable in that court where trial by jury is had.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed June 28, 1909.

HENRY R. RATHBONE and HORACE W. NICHOLS, JR., for appellant.

EASTMAN, EASTMAN & WHITE, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action of the first class under section 28 of the Municipal Court Act, brought in the Municipal Court by appellee against appellant, to recover, with interest, the balance of an account claimed to be due from appellant to appellee. Appellee filed a declaration consisting of the common counts and a statement of account, showing a balance due of $1,857.52. To this declaration appellant interposed a plea of the general issue, and upon these pleadings the cause pro-

ceeded to trial before the court with a jury, resulting in a verdict for $1,950.39, upon which the court, after overruling motions for a new trial and in arrest of judgment, entered judgment, from which this appeal is prosecuted.

The amount of the judgment is not in dispute. The trial judge instructed the jury orally, and in so doing said, among other things: "In this case the plaintiff claims that the defendant owes him something like $1,900 for printing done. On the other hand, the defendant does not dispute the amount of the account."

After the court had concluded his instructions to the jury, counsel for appellant, in requesting the court, to give additional instructions tendered in writing, said: "I have no objections at all to the instructions given." * * * An examination of appellant's evidence brings our minds in accord with that of the trial judge, and we think the assent of appellant is clearly inferable from the remark of his counsel, last quoted, and that by such action of acquiescence he is now precluded from disputing the amount of the judgment.

Appellant's defense rested in a repudiation of any liability to appellee because, as he contended, the contract and the service rendered thereunder was made with and performed for Winchester & Hall, a corporation, or for himself and one J. R. Taylor, as partners. The facts attendant upon the relations of the parties are, in substance, that appellant was engaged in Chicago, Buffalo and elsewhere, in furnishing theater programs to various theaters in those cities, the advertising on which he controlled, which advertising was the source of his profit. Appellee was a printer in Buffalo. Such was the business of the parties in July, 1902, and so continued during all the time of their dealings involved in this controversy. Some of appellant's business was, during this time, conducted in the names of Winchester & Hall, a corporation, and J. R. Taylor & Co. There is little reason to doubt that

appellant was practically Winchester & Hall, and used the corporation name for his own convenience, and that all the business transacted in the corporation name was in fact the business of appellant, and that J. R. Taylor & Co. was J. R. Taylor, the Buffalo representative of appellant. The dealings of the parties were established and continued in virtue of the following letter written by appellee, in Buffalo, to appellant at the latter's dictation, viz:

"July 2nd, 1902.

Ralph Jefferson, Esq.,
    Genessee Hotel, Buffalo, New York.

Dear Sir: I wish to make you the following proposition on printing any or all of the theatre programmes which you control in the city of Buffalo.

It is understood that you furnish the paper for the covers and also for the insides of such programmes. The work to be done will be charged according to the following scale of figures:

First composition not to exceed $1.25 per page.

Setting of the cast of characters, synopsis and other matter furnished by theater manager and which changes at each attraction, to be charged at $2.00 for one change per week, but a second change in the same week $1.50.

Time work in changing advertisements 50 cents per hour.

Press work to be charged as follows:

Four page form 75 cents per M.; Eight page form $1.00 per M.; Twelve page form $1.00 per M.; Sixteen page form $1.50 per M.; Twenty-four page form $1.50 per M.

Programmes to be folded, inserted in covers, wire stitched and trimmed for 50 cents per M. programme.

Should gallery slips be used, I will furnish same at 50 cents per M., including paper.

I agree to do this work in satisfactory manner and deliver programmes to the various theatres in ample time and in manner satisfactory to the various theatre managers with whom you have.

Yours very truly.''

From that time forward, as the numerous letters in evidence conclusively establish, all the printing of theatre programs by appellee was done for appellant, and all the accounts rendered for the same were made through the Buffalo office to appellant. Payment of many of these accounts was made by appellant to appellee. Appellant, during all the time covered by the dealings in controversy, maintained a business office in Buffalo. When Winchester quit, Taylor was installed in his place. That Winchester represented appellant seems indisputable from appellant's action in writing appellee that "I am going to send a man named Taylor to take charge of my business." This was when Winchester quit. On December 20, 1905, appellant wrote a letter to Taylor, introducing Hugh Mottschall as his private secretary, in which letter he wrote that Mottschall had "charge of all the correspondence and reports from the other cities," and requesting Taylor to let Mottschall go over the books, wherefrom he could make a report of the condition of the Buffalo business. Thereafter, when appellant did not sign his letters to appellee, they were signed by Mottschall for him. There is an abundance of evidence in this record sustaining the finding of the jury that appellant was indebted to appellee in the amount of his claim, and that the amounts covered by the account in suit arose out of dealings between them in accord with the terms of the letter of July 2, 1902. Even were the evidence in sharp conflict upon this point, we would not be warranted in disturbing the conclusion reached by the jury and concurred in by the trial judge, unless we were convinced that such finding was manifestly contrary to the weight of the evidence. The evidence fails to so convince us. Threshing Machine Co. v. Stein, 133 Ill. App. 169; C., C., C. & St. L. Ry. Co. v. Johnson, 99 *ibid.* 400.

The contention that appellant and Taylor were partners, was one of fact for the jury, and with their solu-

tion we see no just reason for our dissent or interference. Pardridge v. Ryan, 14 *ibid.* 598.

Whether the books proffered and received in evidence were admissible, is of no consequence, as the amount of the indebtedness found due by the verdict is not controverted.

Appellant's contentions that the business of the Buffalo office, for which appellee did printing, was that of the corporation of Winchester & Hall, and therefore the corporation and not appellant was liable, and that if he, appellant, was liable at all, it was as a partner of Taylor, are inconsistent with each other, and this fact, together with the convincing evidence of appellee that his arrangements and dealings were all with appellant, may have led the jury to regard appellant's evidence as unreliable.

It is urged as ground for reversal, that the court erred in instructing the jury orally, because cases of the first class, the Municipal Court Act provides, shall be commenced and prosecuted in the same manner as suits in the Circuit Court, where jurors must be instructed in writing and not otherwise. By section 37 of the Municipal Court Act the judges of the Municipal Court may, in their discretion, instruct jurors either orally or in writing. The right so to do covers all classes of cases cognizable in that court where trial by jury is had. The trial judge in the case at bar elected to instruct the jury orally, and so advised counsel before proceeding to do so. To the oral instructions of the court, counsel for appellant yielded his approval orally, at the conclusion of the judge's charge, but added that he wished the court to give to the jury some written instructions which he had prepared and handed to the trial judge. But these written instructions were not given. This question has been settled against the contention of appellant in Morton v. Pusey, 237 Ill. 26, where the court say: "After the court had disposed of a motion made at the close of all the evidence, the attorney for plaintiff

in error asked that the jury be instructed in writing, presented certain written instructions and requested that the court give the same. These were all refused for the reason that the court had elected to instruct the jury orally. At the conclusion of the oral charge the judge inquired whether there were any objections to the instructions as given. Counsel for plaintiff in error did not make any objection nor take any exception to the charge so far as the law stated or omitted was concerned, but asked that two of the written instructions which he had before passed up, and which two he then presented, should be given. The court refused both. One of them contained a proper element which went to the measure of damages, the substance of which should have in some manner been given to the jury, but as offered these instructions were properly refused, for the reason that they were in writing, when the court had determined to charge the jury orally and had so advised counsel before beginning to instruct.'' This is parallel in every essential particular, involving the refusal to give written instructions where the court had concluded to instruct orally, to the question raised in the case at bar, and is decisive. Moreover, appellant is barred from questioning the sufficiency of the oral charge in any particular, because his counsel not only did not object or except to it, or any part of it, but expressed his approval of it, the objection made being confined to the court's refusal to give the written instructions presented.

The contracts offered in evidence and excluded at the instance of appellant, had no bearing on the issues formed. They involved other matters and the rights of other parties in their dealings with appellant, and were of no concern to appellee and in no way related to the subject matter of the contract or dealings between the parties before the court. They were clearly irrelevant and ought to have been, as they were, excluded from the case.

We are of the opinion that the record demonstrates

that the judgment of the Municipal Court does substantial justice between the parties, and the record being otherwise free from reversible error, the judgment of the Municipal Court is affirmed.

*Affirmed.*