## City of Chicago, Defendant in Error, v. Minnie Everleigh, Plaintiff in Error.

## Gen. No. 15,787.

1. PLEADING—*when defect in complaint cannot be urged.* In a civil action for violation of ordinance prohibiting sale without a license of intoxicating liquors in less quantities than one gallon, a defect in the complaint cannot be first urged on review.

2. TRIAL—*when comment upon defendant's failure to testify not improper.* The statute which forbids comment upon the defendant's failure to testify in his own behalf has no application to civil prosecutions for violation of ordinances.

3. DRAM-SHOPS—*what competent in prosecution for violation of ordinance.* In determining the question of how large a penalty should be imposed in a prosecution for the violation of an ordinance prohibiting the sale without a license of intoxicating liquors in less quantities than one gallon, it is proper for the court to consider evidence as to the circumstances under which and the place where the sale was made.

4. MUNICIPAL COURT—*when errors in charge cannot be urged.* If

counsel for the complaining party was given the opportunity by the court below to point out errors in the instructions and he declined so to do, although then advised by the judge of the rule of the Municipal Court requiring such objections to be pointed out before the jury retires, he cannot upon review complain of the charge given.

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

ROBERT E. CANTWELL, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This was a proceeding brought in the Municipal Court by a complaint and warrant against plaintiff in error for an alleged violation of section 1348 of the Municipal Code of 1905 of Chicago, prohibiting the sale, without a city license, of intoxicating liquors in less quantities than one gallon. A jury trial was had, resulting in a verdict and judgment against defendant for $100. The action of the court below is brought before us for review upon a writ of error.

Plaintiff in error seeks a reversal here alleging that the complaint is insufficient, that the court gave erroneous instructions, that the court permitted counsel for the city to comment upon the failure of the defendant to testify, and that the prosecuting attorney referred to the house of the defendant as a "sporting house," and the court used language conveying to the jury a like intimation.

At the outset, it should be understood that the proceeding was an action by the city to recover a penalty, and was a civil suit, only. City of Chicago v. Kenney, 35 Ill. App. 57; City of Chicago v. Knobel, 232 Ill. 112; Rev. Stat. of Ill. section 68, chapter 24. We are not prepared to hold that the complaint was not sufficient in form to justify the court in issuing the warrant complained of in a proceeding of this

kind. It would, undoubtedly, have been more accurate had the complaint stated positively that, at the time and place mentioned, the offense was committed, and that affiant believed the defendant to have committed the offense. Even if such strictness might have been required in a criminal case, it cannot be complained of here, for, upon having pointed out to it the alleged defect in the complaint, and upon motion, it would have been the duty of the court to permit an amendment.

The contention here that we should reverse the action of the court below, because it allowed the counsel for the city to comment upon the failure of the defendant to testify, is sufficiently answered by remarking that this proceeding, being but a civil suit to recover a penalty, is not governed by the strict rules of procedure in a criminal case. The statute which plaintiff in error invokes (Hurd's R. S., p. 685, sec. 426), and which forbids such comment, has no application to civil cases. It appears that in his opening address the counsel for the city stated that he would show that the Everleigh Club was a house of ill fame. To this statement no objection was noted by the defendant, nor was the court, in any way, asked to rule upon it. When, upon the trial, counsel for the city attempted to prove the statement, the judge remarked, "whether it is a sporting house or not, how is that material?" and refused to admit evidence upon that point.

It is further objected that the counsel for the city improperly remarked to the jury, in his closing address, that the place kept by the defendant was a sporting house. In disposing of the case, if the jury should find against the plaintiff in error, it would become its duty to fix the amount of the fine or penalty, and in determining the question of how much that penalty should be, they had the right to consider the circumstances under which, and the place where, the sale was made. Manifestly, the jury would have been justified in fixing a larger penalty, if the sale was made in a disorderly house, than if it had been made by one under different conditions. In any event, counsel for plaintiff in error himself brought out sufficient to indicate clearly the nature of the

place kept by his client, so that she was in no way injured by the previous statement.

As to the objection that the court gave erroneous instructions, plaintiff in error is not in a position to here raise that objection. It appears from the abstract that counsel for plaintiff in error was given the opportunity by the court below to point out the alleged errors in the instructions, and that he declined to do so, although then advised by the judge of the rule of the Municipal Court requiring such objections to be pointed out before the jury retire. This being so, plaintiff in error has no standing here, so far as this objection is concerned. Morton v. Pusey, 237 Ill. 26.

Upon consideration of the whole record, we do not find any reversible error in the action of the court below, and the judgment will, therefore, be affirmed.

*Affirmed.*