**Joseph F. Kern for use of J. A. Ferguson, Plaintiff in Error, v. The Western Railway Weighing Association and Inspection Bureau, Defendant in Error.**

## Gen. No. 17,715.

1. APPELLATE COURT—*powers.* The appellate court has no power to reverse a verdict and judgment and enter a money judgment in favor of the opposite party.

2. ASSIGNMENTS—*notice of assignment of wages.* No recovery can be had against an employer on an assignment of wages if no proper notice of the assignment was given.

3.  MUNICIPAL COURT—*rule 8, constitutional.*  Municipal court rule 8, providing for an oral charge, does not violate Const. art. IV, § 22, and art. VI, § 29.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1911.  Affirmed.  Opinion filed December 17, 1912.

WELDON WEBSTER, for plaintiff in error.

THURMAN, HUME & KENNEDY, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit was brought by plaintiff in error against defendant in error upon an assignment of wages alleged to have been made by Kern to Ferguson.  The case was tried before the court and a jury and resulted in a verdict for the defendant in error.  The jury made special findings to the effect that the assignment sued upon was not executed by Kern, the nominal plaintiff, and that no notice in writing of the existence of the alleged assignment sued upon was given to the Western Railway Weighing Association and Inspection Bureau.  Judgment was entered upon a verdict, from which judgment this writ of error is prosecuted.

We are asked to reverse the judgment and enter a judgment here in favor of the plaintiff in error in the sum of $1,000.  We have no such power; and if the power existed the circumstances of the case would not warrant the exercise of it by us.  City of Spring Valley v. Spring Valley Coal Co., 173 Ill. 497.

It was stipulated by the parties that from the time the alleged notice of the purported assignment was served upon the defendant in error to the time of the beginning of the suit the wages of Kern amounted to $1,000.  It also appeared that this amount had been paid him.  The record further discloses that the amount loaned by Ferguson to Kern was $50, and that in December, 1909, some months before the beginning

of the suit, he offered to repay the same with interest, but payment was declined.

A material question in the case is whether or not notice of the assignment had been given to the defendant, because if no proper notice was given there can be no recovery. The jury in effect so found. We are unable to say that such finding was against the manifest weight of the evidence. That being so, it is unnecessary to consider many of the matters discussed in the briefs.

Nearly forty pages of the record have to do with proceedings with reference to the settling of issues between the parties. The learned trial judge set aside one or more improper orders that had been entered by others in the case, and finally an issue was formed, as we believe, in strict conformity with the statutory provisions and rules governing the Municipal Court. Much of the argument of plaintiff in error is devoted to the proposition advanced that in the adoption of rule 8, providing for an oral charge, section 22 of article 4 and section 29 of article 6 of the Constitution have been violated. The Supreme Court has held otherwise. Morton v. Pusey, 237 Ill. 26. The same case is also authority for the proposition assailed by plaintiff in error in his brief that objections to the charge are waived unless made before the jury retires.

We find no error in the record which calls for a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*