**Joshua Sinks, Appellee, v. Howard Kimmel, Appellant.**

1. MORTGAGES—*penalty for refusal to release.* Under Hurd's Rev. St. ch. 95, sec. 10 (J. & A. ¶ 7585), the penalty for failure to release a mortgage is $50, not $50 upon every successive demand and refusal to release thereafter.

2. MORTGAGES—*admissibility of subsequent refusals to release in action for penalty.* In an action for the $50 penalty provided for failure to release a mortgage upon payment of the amount due, it was error to admit evidence of subsequent refusals to release such mortgage.

3. MORTGAGE—*construction penalty provision for refusal to release.* Section 10, ch. 95, Hurd's Rev. St. (J. & A. ¶ 7585), providing for forfeiture of $50 for failure to release a mortgage upon payment of same, is penal in character and should be strictly construed.

Appeal from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1920. Reversed and remanded. Opinion filed October 28, 1920.

LAYMAN & JOHNSON, for appellant.

W. F. SPILLER, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

This is an action brought by appellee to recover the penalty provided in section 10 of chapter 95,

Hurd's Revised Statutes of Illinois (J. & A. ¶ 7585), for failure to release a mortgage. Suit was originally brought before a justice of the peace of Franklin county, Illinois, and judgment in the sum of $50 was rendered against appellant, Kimmel. An appeal was perfected by appellant to the circuit court of Franklin county, and on motion of appellee in the circuit court the *ad damnum* was increased to $200. A jury was waived and a trial was had before the court, resulting in a finding and judgment for $200 against appellant, from which judgment this appeal is taken.

The record discloses that on July 2, 1912, one Hosea Rea borrowed $800 from appellant, Kimmel, and he with his wife executed their promissory note therefor, due one year after date, bearing 7 per cent interest from date. To secure the same they executed and delivered their mortgage to said Kimmel, covering the east half of lots 7 and 8 in block 5 of Joseph A. Hudelson's Addition to Benton, Illinois. Said promissory note contained the provision, "If this note is not paid when due, we promise to pay a reasonable attorney's fee if collection is made without suit." On July 18, 1914, appellant sold said note and mortgage to one Anna McCreery. The note was indorsed and delivered with the mortgage to her. Sometime in July, 1916, Rea sold said mortgaged premises to one D. C. Crawford, subject to said mortgage, which the grantee assumed and agreed to pay in the deed executed therefor. Thereafter, on or about October 21, 1916, said Crawford conveyed said premises to appellee herein, subject to said mortgage, which the appellee assumed and agreed to pay.

The record further discloses that the note was not paid at its maturity, and appellant had insisted upon Crawford's paying the same. Appellant agreed that foreclosure proceedings would not be instituted if Crawford would pay to appellant a fee of $10 for his services and expenses incurred in and about the

attempted collection of said note. Shortly after appellee acquired title to said premises, he called upon Anna McCreery to ascertain if an extension of the mortgage indebtedness could not be made. Mrs. McCreery referred appellee to appellant, who informed appellee that the indebtedness would have to be paid. Thereupon, after some discussion, appellant computed the amount due on said mortgage indebtedness, and advised appellee of the amount due for principal and interest, being $823.02. Thereupon appellee wrote out a check for said sum and handed it to appellant. The latter returned the check saying that he could not accept a check for said amount, for the reason that Crawford owed him $10 in and about the delay in paying the mortgage indebtedness. Appellee informed appellant that Crawford could pay his own debts, and that appellee would not pay Crawford's debts. Thereupon appellant then accepted the check, and cashed the same as payment of the full amount of the indebtedness represented by the mortgage note, but refused to turn over the mortgage papers or to release the premises from the lien of said mortgage.

Section 10 of chapter 95 of Hurd's Revised Statutes (J. & A. ¶ 7585) provides: "If any mortgagee or trustee, in a deed in the nature of a mortgage, of real or personal property, or his executor or administrator, heirs or assigns, knowing the same to be paid, shall not, within one month after the payment of the debt secured by such mortgage or trust deed, and request and tender of his reasonable charges, release the same, he shall, for every such offense, forfeit and pay to the party aggrieved the sum of $50 to be recovered in an action of debt before a justice of the peace."

In construing said section we hold that the penalty provided for the failure or refusal to release a mortgage or trust deed upon payment of the amount due is $50, and not the sum of $50 upon every successive

demand and refusal to release thereafter.

On the evidence in this case under the provisions of the statute, all that could be recovered by appellee is the sum of $50. The court erred in admitting evidence of subsequent refusals of appellant to release said mortgage, as the only amount that could be recovered was the sum of $50.

The statute under which this suit is brought is penal in its character and should be strictly construed. *Lane v. Frake,* 70 Ill. App. 303.

Appellant assigned error on the ruling of the court on the propositions of law submitted. Two propositions of law were submitted by appellee, both of which were marked "held" by the court. Three propositions of law submitted by appellant were all marked "refused."

What we have already said sufficiently disposes of the assignment of error on the ruling on the propositions of law.

For the reasons above set forth the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*